Harold V. SMITH, Plaintiff/Appellant,

v.

**PAROLE ELIGIBILITY REVIEW BOARD, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section at Nashville.

Oct. 5, 1994.

Permission to Appeal Denied by Supreme Court Dec. 28, 1994.

Harold V. Smith, pro se.

Charles W. Burson, Atty. Gen. & Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, for defendant, appellee.

## OPINION

CANTRELL, Judge.

Harold Smith appeals from the Chancery Court's dismissal of his petition for declaratory judgment. We affirm the chancellor, because we find that the petitioner is not entitled to the remedy he seeks, nor to any other remedy derived from Tenn.Code Ann. § 40–35–602, the statute upon which he bases his petition.

## I.

Appellant Harold V. Smith is an inmate in the Tennessee Correctional System, sentenced to life imprisonment under the habitual criminal statute. The offense in his case that triggered the habitual criminal statute was an armed robbery. He had apparently been previously convicted of other violent offenses as well.

The habitual criminal statute was repealed with the passage of the Criminal Sentencing Reform Act of 1989. The Reform Act provided a new framework for sentencing and parole. Among other changes, the percentage of the sentence that a repeat offender would have to serve before being eligible for parole depends now on the sentencing range the convicted felon found himself in as a result of prior felony convictions.

To deal with the situation of prisoners sentenced under the prior law, the legislature passed Tenn.Code Ann. § 40–35–602, establishing the Parole Eligibility Review Board. The Board has the authority to examine the records of inmates sentenced under the habitual criminal statute, and to determine which of these should have their parole eligibility dates recalculated in accordance with the 1989 Sentencing Act.

On January 30, 1993, the Board sent a letter to the appellant, notifying him that they had reviewed his sentence and conviction history, and had decided not to grant him a new parole eligibility date. Mr. Smith petitioned the Board for a declaratory ruling overturning its earlier decision. On June 3, 1993, Mr. E.L. Anderson, II, the Counsel to the Commissioner of Corrections responded to Mr. Smith's petition in a letter that said, "... I do not believe it would be beneficial to hold a hearing and issue a declaratory order in response to your petition."

The letter stated that the decision to amend or not amend a prisoner's parole eligibility date was discretionary with the Board. The Commissioner's position is consistent with this court's subsequent interpretation of Tenn.Code Ann. § 40–35–602. See *William A. Powell v. Parole Eligibility Review Board,* 879 S.W.2d 871 (1994).

Further, as Mr. Anderson pointed out, in May of 1993, the Tennessee legislature had amended Tenn.Code Ann. § 40–35–602 to exclude from the Board's review authority "the sentence of an offender convicted as an habitual offender if the offender's triggering offense was an offense against the person." The effect of this modification was to take away from the Board the power to accelerate appellant's parole eligibility date.

## II.

Mr. Smith appealed the denial of his petition for a declaratory order. The Chancellor properly dismissed Mr. Smith's petition for a declaratory judgment because of failure to state a claim upon which relief can be granted.

Appellant's chief argument rested on his unsupported allegation that other violent offenders had been granted earlier parole eligibility dates prior to the legislative modification of Tenn.Code Ann. § 40–35–602, which removed the Board's authority to grant such relief to that class of offenders. Even if these allegations are true, they do not implicate Mr. Smith's equal protection rights or due process rights as he claims. The earlier version of the statute gave the Board ample authority to determine on an individual basis whether or not Mr. Smith and other habitual offenders should be granted an earlier parole eligibility date. The modification of the statute rendered moot any appeal by Mr. Smith of its negative determination.

## III.

For the above reason, the judgment of the Chancellor is affirmed. This case is remanded to the Chancery Court for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.