JIMMY WAYNE WILSON,⁣ )
⁣ )
⁣⁣⁣⁣ Plaintiff/Appellant,⁣ )
⁣ )
JAMES T. FITE, VIVIEN TROY COOK,⁣ )
DEWEY SCOTT FRAZIER, JERRY L.⁣ )
CHILTON, PAUL CARRIER, ET AL.,⁣ )
⁣ )
⁣⁣⁣⁣ Plaintiffs,⁣ )⁣⁣ Appeal No.
⁣ )⁣⁣ 01-A-01-9706-CV-00266
VS.⁣ )
⁣ )⁣⁣ Davidson Chancery
STATE OF TENNESSEE, GOVERNOR )⁣⁣ No. 93C-91
NED RAY McWHERTER, PAROLE⁣ )
ELIGIBILITY REVIEW BOARD &⁣ )
MEMBERS, JIM THRASHER,⁣ )
JOHN S. WILDER, JIMMY NAIFEH,⁣ )
AND CHARLES BURSON, ET AL.,⁣ )
⁣ )
⁣⁣⁣⁣ Defendants/Appellees.⁣ )

FILED

January 16, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE


JIMMY WAYNE WILSON, #108253
Morgan County Regional Correctional Facility
P. O. Box 2000
Wartburg, Tennessee 37887
⁣⁣⁣⁣ Pro Se/Plaintiff/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

ABIGAIL TURNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
⁣⁣⁣⁣ Attorney for Defendants/Appellees



AFFIRMED AND REMANDED



⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣ BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

Six inmates in the custody of the Department of Correction brought a declaratory judgment suit against the Parole Eligibility Review Board ("the Board"), against its members individually, and against a number of other state officials. The complaint alleged that the defendants had violated the plaintiffs' equal protection and due process rights, by failing to recalculate their sentences under the Criminal Sentencing Reform Act of 1989 and/or failing to grant them an accelerated Release Eligibility Date ("RED").

The trial court dismissed the complaint for failure to state a claim upon which relief may be granted. One of the six inmates appealed, restating the same arguments on appeal as were advanced in the trial court. We find that all of appellant's arguments have already been foreclosed by statute or by case law, and we affirm the court's order.

## I.

The appellant, Jimmy Wayne Wilson was sentenced to life imprisonment as a habitual criminal on July 25, 1985. His triggering offense was a 1984 rape. It is unclear to this court when Mr. Wilson would be eligible for parole under the law in effect at the time he was sentenced.

With the passage of the Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101 et seq., the Legislature totally revised the state's criminal code, replacing the drastic penalties associated with the habitual criminal statute with a more graduated sentencing scheme. By the specific terms of the Act, the new sentencing schedule was to apply only to persons sentenced on or after November 1, 1989. Tenn. Code Ann. § 40-35-117. According to Mr. Wilson, if he had been sentenced under the new act, his sentence for simple rape would have been only eight to twelve years.

In 1992, the Legislature enacted Tenn. Code Ann. § 40-35-601 et seq., which established a new body, the Parole Eligibility Review Board, to review the sentences of those convicted as habitual criminals before November 1, 1989. The Board was authorized to reconsider the parole eligibility dates of such offenders, but a subsequent amendment excluded from review those offenders whose triggering offense was "an offense against the person."

In appropriate cases the Board could grant a new release eligibility date, comparable to that which the offender would have been eligible for if he were convicted and sentenced under the 1989 Act. On June 30, 1993, the Board informed Mr. Wilson by letter that upon reviewing his sentence and conviction history, it had decided by a majority vote not to grant him a new RED.

## II.

The Board went out of existence on July 1, 1993, in accordance with Tenn. Code Ann. § 40-35-605, its work presumably completed. Several individuals who had been sentenced as habitual criminals, and who were denied an accelerated RED by the Board filed suit against it, asserting theories similar to those advanced by Mr. Wilson in this case.

In *Powell v. Parole Eligibility Review Board*, 879 S.W 2d 871 (Tenn. App. 1994) we ruled that the decision to amend or not to amend a prisoner's parole eligibility date was discretionary with the Board, and was not merely a ministerial duty. Although the petitioner in that case, and the petitioner in *Smith v. Parole Eligibility Review Board*, 891 S.W.2d 226 (Tenn. App. 1995) both argued that it was a violation of the equal protection clause for the Board not to treat all habitual criminals the same, we found there to be no constitutional violation in the individualized consideration of each prisoner's record, to determine which of them might be appropriate candidates for early release.

We note that the statute provides that the decision of the Board is final and not subject to further review, Tenn. Code Ann. § 40-35-602(c). However, this court has found a narrow exception to that finality in that an individual who could prove that the Board had exceeded its jurisdiction, or had acted illegally, fraudulently or arbitrarily might be entitled to a Writ of Certiorari. *Powell v. Parole Eligibility Review Board*, supra. But there is absolutely no evidence in the present case to indicate that the Board has acted in reference to Mr. Wilson in such a way as would support a Writ of Certiorari.

### III.

The petitioner also argues that it was a violation of his due process and equal protection rights not to re-sentence him in accordance with the 1989 guidelines. As the Assistant Attorney General points out in a well-written and comprehensive brief, the argument that due process and equal protection requires the resentencing of those convicted and sentenced under the earlier law has already been considered and rejected in the case of *State of Tennessee ex rel. Jones v. McWherter,* Court of Criminal Appeals No. 01-CO1-9204-CR-00124 (filed November 18, 1992).

In that case, the court summarized the law applicable to equal protection claims as follows: Equal protection requires that all persons similarly situated be treated alike, but the legislature may treat different groups differently, as long as the classification it establishes for differential treatment is rational, and is related to a legitimate state interest. (This is sometimes known as "the rational basis test.") If the classification disadvantages a suspect class, or affects the exercise of a fundamental right, then the courts subject the classification to a higher standard of constitutional examination, known as "strict scrutiny." Under strict scrutiny, a statute will be upheld only if it is "precisely tailored to serve a compelling government interest." Personal liberty is a fundamental right requiring application of strict scrutiny. See *Doe v. Norris*, 751 S.W.2d 834 (Tenn. 1988).

The Court of Criminal Appeals held that by virtue of his convictions and lawfully imposed sentence, Mr. Jones had lost the fundamental right to personal liberty for the duration of that sentence, and that the courts were therefore not required to apply strict scrutiny to his claim that a subsequent change in the sentencing laws was a violation of his equal protection rights. See also *Wright v. Trammel*, 810 F.2d 589 (6th Cir. 1987).

The court went even further, and held that even under the strict scrutiny standard, the petitioner would not be entitled to relief, because of the compelling state interest in preserving the finality of convictions and sentences that were valid at the time of their imposition. We see no way in which the situation of Mr. Wilson differs from that of Mr. Jones in the case referenced above, and therefore no reason to grant him the relief that the Court of Criminal Appeals rightfully denied to Mr. Jones.

## IV.

Mr. Wilson also claims that the trial court's failure to grant him relief is a violation of the constitutional prohibitions against ex post facto laws, and against cruel and unusual punishment. Neither of these claims is supported by a coherent argument or by any factual allegations. In the context of sentencing, an ex post facto law is one which imposes a greater punishment for an offense than the law allowed when the offense was committed. *State v. Pearson*, 858 S.W.2d 879 (Tenn. 1993). That is clearly not the case here.

Mr. Wilson is not the first person to argue that a reduction in the severity of the punishment that may be imposed for a particular offense amounts to an implicit finding by the legislature that the previous penalties constituted cruel and unusual punishment. The Court of Criminal Appeals rejected the same argument in *State of*

- 5 -

*Tennessee ex rel. Jones v. McWherter,* supra. The court noted that a primary purpose for enacting the 1989 Sentencing Act was to address prison overcrowding. The express exclusion of those sentenced before November 1, 1989, from the provisions of the Act is a strong indication that the Legislature did not consider the earlier law to be cruel and unusual punishment.

Finally, Mr. Wilson has filed a motion with this court to be allowed to supplement his brief by bringing to our attention a recent unpublished opinion of this court, *William Jones v. Jeff Reynolds,* Appeal No. 01A01-9510-CH-00484 (filed Nashville, July 2, 1997). Apparently the William Jones in that case is the same individual as in the case of *State ex rel Jones v. McWherter,* supra. However the case Mr. Wilson is so eager for us to see deals with the correct calculation of sentence credits, and is not at all related to the parties or the issues before us.

**V.**

The order of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE