# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

VERNON MAULDIN,          )
                           )

      Plaintiff/Appellant,    )       Appeal No.
                           )       01-A-01-9801-CH-00014

v.                       )
                           )       Davidson Chancery

TENNESSEE DEPARTMENT  )       No. 97-2502-1
OF CORRECTION,          )
                           )

      Defendant/Appellee.    )
                           )

**FILED**

**January 7, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

## APPEAL FROM THE CHANCERY COURT
## FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

### THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

VERNON W. MAULDIN
#137471 NECX  POB  5000
Mountain City, Tennessee  37683

PRO SE


JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

MICHAEL L. HAYNIE
Assistant Attorney General
Civil Rights and Claims Division
Second Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee  37243

ATTORNEYS FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED**


CONCUR:
Cantrell, J.
Koch, J.

                                PATRICIA J. COTTRELL , JUDGE

# OPINION

_____This appeal involves a state prisoner's efforts to obtain judicial review of the length of his incarceration. The prisoner contends that he is entitled to the benefit of the 1989 Sentencing Reform Act's lesser sentence for armed robbery rather than the sentence imposed upon him at the time of his conviction in 1985. He also contends he is entitled, as a matter of law, to certain sentence reduction credits. Finally, he contends that, taken together, the downward adjustments of his sentence on the basis of these two contentions would entitle him to be immediately released from custody. He filed a Petition for Declaratory Order with the Department of Correction, and the Department denied him relief. Thereafter, the prisoner filed a pro se "Petition for Judicial Review and/or Petition for a Declaratory Judgment and/or Petition for Common-law Writ of Certiorari" in the Chancery Court of Davidson County. The trial court granted the Department's motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. We affirm the dismissal of the prisoner's petition because it fails to state a claim upon which relief can be granted.

## I.

Vernon Mauldin is incarcerated in the Northeast Correctional Center where he was ordered to serve life in prison for the offense of robbery by use of a deadly weapon. This offense was committed on December 18, 1983, and Mr. Mauldin was sentenced on November 4, 1985. On May 7, 1997, Mr. Mauldin filed a Petition for Declaratory Order with the Tennessee Department of Correction, asking the Department to immediately release him on the basis of an interpretation of Tenn. Code Ann. § 39-1-105 and various statutes relating to sentence reduction credits. The Department refused the declaratory order on June 27, 1997. On July 25, 1997, Mr. Mauldin filed a Petition for Judicial Review and/or Petition for a Declaratory Judgment and/or Petition for Common-law Writ of Certiorari in the Chancery Court of Davidson County, seeking judicial review of the Department's decision.

The trial court dismissed Appellant's claim and granted a Tenn. R. Civ. P. 12.02(6) motion filed on behalf of the Department. The trial court held that Appellant was not entitled to a declaratory judgment reducing his sentence.

Further, with regard to the Appellant's claims under common law writ of certiorari, the trial court found that the Appellant had alleged no facts indicating the Department exceeded its jurisdiction or acted illegally.

## II.

When the Appellant committed the offense of robbery by use of a deadly weapon in 1983, and when he was sentenced for that offense on November 4, 1985, robbery by use of a deadly weapon was a Class X Felony under Tenn. Code Ann. § 39-1-701 et seq. (1982) [repealed].

In 1989, the Class X Felony Act was repealed and replaced by the Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-101 et seq. Appellant contends that had he been sentenced under the 1989 Act for the same offense, his sentence would have been significantly shorter than the sentence he is now serving. He further contends that his sentence should be reduced to the lower sentence applicable after 1989 because of the criminal savings statute, Tenn. Code Ann. § 39-1-105[1] (1982) [repealed], and by virtue of the equal protection clause of the Tennessee Constitution.

The trial court dismissed Mr. Mauldin's action and held that the criminal savings statute did not apply to sentences already imposed at the time legislative enactment was adopted which provided for a lesser penalty. We agree.

The criminal savings statute in effect when Appellant was sentenced and until November of 1989 read:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by the statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Tenn. Code Ann. § 39-1-105 (1982).

---

[1]This section was codified at Tenn. Code Ann. § 39-1-105 at the time of Appellant's offense and sentencing, but was repealed as of November 1, 1989, and replaced by Tenn. Code Ann. § 39-11-112 (1997), which is nearly identical in language.

As stated above, at the time of Mr. Mauldin's offense, robbery by use of a deadly weapon was a Class X felony. However, the law was changed by the Criminal Sentencing Reform Act of 1989 such that aggravated robbery (which would include robbery using a deadly weapon) is now a Class B felony. Tenn. Code Ann.§ 39-13-402 (1997). Mr. Mauldin was sentenced to life imprisonment and asserts that under the 1989 Act, the maximum sentence he could receive for aggravated robbery is twenty five years.[2]

Mr. Mauldin maintains that the criminal savings statute mandates downward adjustment of his sentence to the 1989 Act's relevant maximum entitling him to immediate release. As the Court of Criminal Appeals has stated, "The criminal savings statute has never been interpreted to apply to convictions and sentences which were already received when a subsequent act or amendment provided for a lesser penalty. By their terms, the former and present savings statutes relate to active prosecutions, not past cases for which sentences are being served." *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875, 877 (Tenn. Crim. App. 1992), perm. to appeal denied (Tenn. 1993).

The court in *Stewart* also addressed the equal protection challenge based on Article XI, § 8 of the Tennessee Constitution raised by Mr. Mauldin, which is that he and those sentenced prior to the 1989 Act were not treated equally to identical offenders (persons convicted of armed robbery) who were sentenced after the 1989 law became effective. The *Stewart* court noted that a primary purpose of the legislature in enacting the 1989 Sentencing Act was to fight overcrowding in the prison system by creating new sentencing standards. By limiting the Act in application to persons not previously sentenced, the legislature devised a "partial solution to prison overcrowding while avoiding the reopening of cases in which persons had been validly sentenced previously." *Id.* at 877. The court concluded that the 1989 Act survived equal protection scrutiny because the purposes for distinguishing between prisoners sentenced under the Act and those sentenced under prior law "satisfy a compelling state interest and the means used are suitably tailored to accomplish those purposes." Id. at 876.

---

[2]In view of our holding, the issue of whether the Appellant's assertion regarding the maximum sentence under the 1989 Act is correct is not relevant.

The court further noted the interests served:[3]

> [T]here is a legitimate state interest at stake in not allowing the reopening of a virtual pandora's box of all cases involving sentences imposed before November 1, 1989, but which are presently being served by confinement, parole, or probation.
>
> Society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition. The wholesale unsettling of final judgments of conviction and sentence which would occur if the 1989 Act were applicable as petitioner claims is a price the legislature was justified in not paying when it provided that the Act would not apply to previously sentenced offenders....Society is not required to undergo such a disruption of its criminal justice system.

*Id.* at 877 (quoting *State ex rel. Crum v. McWherter*, 1992 WL 99029 (Tenn. Crim. App.1992), perm. to appeal denied (Tenn. 1992)).

Thus, Appellant's continued incarceration under his original sentence does not violate his right to equal protection under the law.

III.

Mr. Mauldin's second issue involves his eligibility for various sentence reduction credits. The basic facts relevant to an analysis of his position are that his offense was committed on December 18, 1983, and that he was sentenced on November 4, 1985, as a Class X offender.

Prior to July 1, 1983 those convicted of Class X felonies were not entitled to sentence reduction for good, honor, incentive or other sentence reduction credits of any sort. Tenn. Code Ann. § 39-1-703 (1982) [repealed]. In 1983, the General Assembly adopted Public Chapter 400, which became effective July 1, 1983. In pertinent part, Section 3 of Chapter 400 stated:

---

[3]The Stewart court questioned whether the strict scrutiny test was applicable in that case since a prisoner has no fundamental right to liberty after valid conviction and sentencing, citing several cases in support of that position. Id. At 876. In State v. Tester, 879 S.W.2d 823 (Tenn. 1994) our Supreme Court, citing Stewart, stated "Although the right to personal liberty is fundamental, that right is not implicated after a person is convicted of a crime and the only issue is the manner of service of the sentence imposed." The Stewart court, finding a compelling state interest, determined that the application of the 1989 Act's shorter sentences only to persons who were not already sentenced under prior law would meet the higher strict scrutiny standard even if that standard were applicable.

Notwithstanding the provisions of this chapter to the contrary, a person convicted of a Class X felony shall be eligible to receive prisoner performance sentence credits as provided in Tenn. Code Ann. § 41-21-230 to reduce the expiration date of such person's sentence. The provisions of this subsection shall not affect the release classification eligibility date of Class X offenders.

Tenn. Code Ann. § 40-28-301(I) (1983 Supp.) [repealed].

Since Appellant was convicted of a crime which was committed after the effective date of Chapter 400, he is eligible, as a Class X felon, for those credits available through Tenn. Code Ann. § 41-21-230, as it was in effect at the time of Public Chapter 400's enactment. In 1985, the General Assembly repealed those provisions then codified at Tenn. Code Ann. §§ 41-21-212, -214, -228, -229, and -230 and enacted Tennessee Code Ann. § 41-21-236 (1997). 1985 Tenn. Pub. Acts ch. 5 §§ 12 & 14. This provision allowed inmates convicted of Class X felonies to earn sentence reduction credits as follows:

Any person who committed a felony, including any Class X felony, prior to December 11, 1985 may *become eligible* for the sentence reduction credits authorized by this section by signing a written waiver waiving his right to serve his sentence under the law in effect at the time his crime was committed. However, sentence reduction credits authorized by this section may be awarded only for conduct and/or performance from and after the date a person *becomes eligible* under this section.

Tenn. Code Ann. § 41-21-236(c)(3) (1990). (Emphasis added.).

The Department's position is that Appellant was entitled to earn Prisoner Performance Sentence Credits, pursuant to Ch. 400, Tenn. Public Acts of 1983, which credits could reduce the sentence expiration date, not the release classification eligibility date. The Department also maintains that Appellant has been eligible to earn Prisoner Sentence Reduction Credits, pursuant to Tenn. Code Ann. § 41-21-236(c)(3), from the time Appellant executed the waiver required by the statute, which waiver occurred in 1992.

Tenn. Code Ann. § 41-21-236(g) specifically authorizes the Department to continue the application of certain previously enacted sentence credit programs to any inmates to whom they applied at the time of enactment and who do not sign the written waivers provided for in § 41-21-236(c).

Thus, it appears that the Department's position is that Appellant was eligible to earn those sentence reduction credits defined and established in former § 41-21-230, pursuant to Tenn. Code Ann. § 40-28-302 (1983 Supp.) [repealed] from his incarceration until he signed a § 41-21-236(c) waiver in 1992. From that point, Appellant was eligible to earn the credits available under Tenn. Code Ann. § 41-21-236. Thus, according to the Department, Appellant has been eligible for certain sentence reduction credits since his incarceration, but for only one kind of credit at any time.

Appellant does not directly dispute the Department's position, but appears to argue that he is entitled to additional sentence reduction credits authorized by other statutes and/or that he is entitled to cumulatively accrue all potential credits for which he may have been eligible at any time. Appellant argues that he "was entitled to earn, and should have received, the following sentence reduction credits *at the same time* and *retroactively*, as a matter of law."(Emphasis in original.) Petition for Declaratory Order (T.R. 9).

Appellant's claims regarding sentence credits are based upon questions of law; he does not claim calculation error. Appellant argues that he is entitled to the sentence credits provided in T.C.A. §§ 41-21-212, -214, -228, -229, and -230, which Appellant asserts were in effect from his offense date (December 18, 1983) until their repeal in 1985. Mr. Mauldin's eligibility for sentence reduction credits depends upon the language of the statutes creating, authorizing, or defining such credits. Jones v. Reynolds, 1997 WL 367661, *3 (Tenn. App. July 2, 1997). A review of the statutes relied upon by Appellant demonstrates that he was not eligible for the sentence reduction credits established in any of the statutes he cites, except for T.C.A. § 41-21-230:

1. Tenn. Code Ann. § 41-21-212 (1982) applies "only to those persons convicted of an offense committed before July 1, 1981 ...";

2. Tenn. Code Ann. § 41-21-214 (1982) applies "only to those persons convicted of an offense committed before July 1, 1981 ...";

3. Tenn. Code Ann. § 41-21-229 ( 1982 ), by its own terms, does "not apply to sentences imposed upon Class X offenders."

4. While Tenn. Code Ann. § 41-21-228 did not by its own terms specifically exclude Class X offenders, the Class X Felony Act made those convicted of Class X felonies ineligible for

sentence reduction credits of any kind. Tenn. Code Ann. § 39-1-703 (1982) [repealed]. The 1983 act authorized eligibility of Class X felons to only those credits (prisoner performance sentence credits) established in Tenn. Code Ann. § 41-21-230. Therefore, Appellant was never eligible for the credits established in Tenn. Code Ann. § 41-21-228.

With regard to his argument that he is eligible for those credits provided in Tenn. Code Ann. § 41-21-230 (1982) [repealed], the Department agrees that he was eligible for such credits until his 1992 waiver. Based upon the analysis set out above, we agree.

Appellant's position that he is entitled to retroactive application of the sentence reduction credits in Tenn. Code Ann. §§ 41-21-212, -214, -228, and -229 necessarily also fails since he was never eligible for those credits. His claim of retroactive application of eligibility for the § 41-21-230 credits is answered by the Department's position that he was eligible for such credits from the date of his incarceration.

To the extent Appellant's claims can be construed as an argument that he is entitled to both §§ 41-21-230 and 41-21-236 credits for any period of time, Tenn. Code Ann. § 41-21-236(c)(3), quoted above, clearly provides for election by the prisoner of the one type of credit he prefers. See Jones v. Reynolds, 1997 WL 367661 (Tenn. App. July 2, 1997).

To the extent that Appellant's claims can be construed to argue that § 41-21-236 should be applied retroactively, that claim must also fail. First, Appellant listed those statutes which he argued he was entitled to have retroactively applied, and § 41-21-236 is not among those listed. In addition, as this court has previously observed in *Henderson v. Lutche*, 938 S.W.2d 428 (Tenn. App. 1996), there is a presumption that courts are to apply statutes prospectively unless there is a specific statutory directive requiring courts to apply them retrospectively. Our supreme court has stated "in the absence of legislative intent or a necessary inference that a statute is to have retroactive force, an act of the legislature is to be given prospective effect only by the courts." *Electric Power Bd. v. Woods*, 558 S.W.2d 821, 825 (Tenn. 1977). Courts must apply a statute prospectively in the absence of "the most clear and unequivocal expression" to the contrary. *Henderson v. Ford*, 488 S.W.2d 720, 721 (Tenn. 1972) (quoting *Jennings v. Jennings*, 165 Tenn. 295, 54 S.W.2d 961 (1932)). Tenn. Code Ann. § 41-21-236 contains no such "clear and unequivocal

expression" that it is to be applied retroactively, and there is nothing in the statute from which we can infer that the General Assembly intended it to apply retroactively. Rather, a plain reading of the statute clearly indicates the opposite intention. In particular, § 41-21-236(c)(3), quoted above, clearly states the method for applying § 41-21-236 to previously convicted Class X felons. It is prospective only, and available only upon a written waiver. Petitioner has no right to eligibility for § 41-21-236's sentence reduction credits prior to signing the waiver in 1992 and has no basis for claiming retrospective application prior to § 41-21-236's enactment.

Finally, Appellant has raised on appeal an issue not raised in the trial court. That issue is whether he was fully informed of his § 41-21-236(c) waiver option and, therefore, whether his eligibility for sentence reduction credits under § 41-21-236 should begin earlier. It is well settled that an issue cannot be raised for the first time on appeal. *Irvin v. Binkley*, 577 S.W.2d 677, 679 (Tenn. App. 1979); *Stewart Title Guitar Co. v. F.D.I.C.*, 936 S.W.2d 266, 270-271 (Tenn App. 1996). The issue which Appellant attempts to now raise in this court presents a good example of the purpose for that rule. The trial court was not presented with this issue or any factual information necessary to determine the issue. This Court can only consider such matters as were brought to the attention of the trial court.

IV.

The trial court granted the Department of Correction's motion to dismiss pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure. A Rule 12.02 motion admits the truth of all relevant and material averments contained in a complaint, but asserts that such facts do not constitute a cause of action. Once a trial court's grant of a Rule 12.02(6) motion has been appealed, the appellate court must "take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997) (citing Tenn. R. App. P. 13(d) and *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn.1996)). Mr. Mauldin's claims are based solely on legal arguments. In light of the clear holdings in *Stewart v. McWherter* and *Henderson v. Lutche*, and in light of the clear language of the statutes involved, Mr. Mauldin's petition fails to state a cause of action.

V.

We hold that neither the criminal savings statute nor the Tennessee Constitution mandate that the 1989 Sentencing Act be retroactively applied to Mr. Maudlin's 1985 sentence. We further hold that Mr. Mauldin is not entitled to eligibility for the statutorily created sentence reduction credits of Tenn. Code Ann. §§ 41-21-212, -214, -228, or -229. We therefore affirm the trial court's dismissal of this case, and remand the case for whatever further proceedings may be required. The costs of this appeal should be taxed to Mr. Mauldin.

_____

CONCUR:

_____

_____