# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JOHN C. TOMLINSON,     )
     )
     Plaintiff/Appellant,     )     Appeal No.  **May 5, 1999**
     )     01A01-9804-CH-00204
v.     )     **Cecil Crowson, Jr.**
     )     Davidson Chancery **Appellate Court Clerk**
TENNESSEE DEPARTMENT     )     No.  97-2959-I
OF CORRECTION,     )
     )
     Defendant/Appellee.     )
     )

FILED

May 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## APPEAL FROM THE CHANCERY COURT
## FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE


### THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

JOHN C. TOMLINSON
#099306 NECX  P. O. Box  5000
Mountain City, Tennessee  37683

PRO SE


JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

PATRICIA KUSSMANN
Assistant Attorney General
Civil Rights and Claims Division
Second Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee  37243

ATTORNEYS FOR DEFENDANT/APPELLEE

### AFFIRMED AND REMANDED

PATRICIA J. COTTRELL , JUDGE

CONCUR:

CANTRELL, J.
KOCH, J.

# OPINION

In this appeal, a state prisoner appeals the trial court's dismissal of his action in which he contends that he is entitled to the benefit of the 1989 Sentencing Reform Act's allegedly lesser sentences for armed robbery, aggravated rape and aggravated kidnaping rather than the sentences imposed upon him at the time of his convictions in 1983. He also contends he is entitled, as a matter of law, to certain sentence reduction credits. Finally, he contends that, taken together, the downward adjustments of his sentence on the basis of these two contentions would entitle him to immediate release from custody. We affirm the dismissal of the prisoner's petition because it fails to state a claim upon which relief can be granted.

## I.

John Tomlinson is serving a sentence of 65 years in prison for the offenses of robbery by use of a deadly weapon (three counts), aggravated kidnaping and aggravated rape. These offenses were committed in 1982, and Mr. Tomlinson was sentenced on April 28, 1983 in Davidson County and on December 15, 1983 in Wilson County.

Mr. Tomlinson filed a Petition for Declaratory Order with the Tennessee Department of Correction, asking the Department to immediately release him on the basis of an interpretation of Tenn. Code Ann. § 39-1-105 and various statutes relating to sentence reduction credits. The Department refused the Declaratory Order on August 12, 1997. On September 3, 1997, Mr. Tomlinson filed a Petition for Judicial Review and/or Petition for a Declaratory Judgment and/or Petition for Common-law Writ of Certiorari in the Chancery Court of Davidson County, seeking judicial review of the Department's decision.

The trial court dismissed Appellant's claim and granted a Tenn. R. Civ. P. 12.02(6) motion filed on behalf of the Department. The trial court held that Appellant was not entitled to a declaratory judgment reducing his sentence. Further, with regard to the Appellant's claims under common law writ of certiorari, the trial court found that the Appellant had alleged no facts indicating the Department exceeded its jurisdiction or acted illegally.

II.

When the Appellant committed the offenses of robbery by use of a deadly weapon, aggravated rape and kidnaping in 1982, and when he was sentenced for those offenses on April 28 and December 15, 1983, these were Class X Felonies under Tenn. Code Ann. § 39-1-701 et seq. (1982) [repealed].

In 1989, the Class X Felony Act was repealed and replaced by the Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-101 et seq. Appellant contends that had he been sentenced under the 1989 Act for the same offenses, his sentences would have been significantly shorter than the sentences he is now serving.[1] He further contends that his total combined sentence should be reduced to the lower total sentence applicable after 1989 because of the criminal savings statute, Tenn. Code Ann. § 39-1-105[2] (1982) [repealed], and by

---

[1] The law was changed by the Criminal Sentencing Reform Act of 1989 such that aggravated robbery (which would include robbery using a deadly weapon) is now a Class B felony. Tenn. Code Ann. § 39-13-402 (1997). Aggravated rape is now a Class A felony, Tenn. Code Ann. § 39-13-502, and aggravated kidnaping is a Class B felony, Tenn. Code Ann. § 39-13-304. Mr. Tomlinson was sentenced to a total of 65 years imprisonment and asserts that under the 1989 Act, the maximum sentence he could receive for these offenses is forty years. In view of our holding, we need not address the accuracy of Appellant's assertion regarding the maximum sentences under the 1989 Act.

[2] This section was codified at Tenn. Code Ann. § 39-1-105 at the time of Appellant's offenses and sentencing, but was repealed as of November 1, 1989, and replaced by Tenn. Code Ann. § 39-11-112 (1997), which is nearly identical in language.

virtue of the equal protection clause of the Tennessee Constitution.

The criminal savings statute does not apply to sentences already imposed at the time legislation was adopted which provided for a lesser penalty. The criminal savings statute in effect when Appellant was sentenced and until November of 1989 read:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by the statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Tenn. Code Ann. § 39-1-105 (1982).

As the Court of Criminal Appeals has stated, "The criminal savings statute has never been interpreted to apply to convictions and sentences which were already received when a subsequent act or amendment provided for a lesser penalty. By their terms, the former and present savings statutes relate to active prosecutions, not past cases for which sentences are being served." *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875, 877 (Tenn. Crim. App. 1992), perm. to appeal denied (Tenn. 1993). Therefore, the criminal saving statute does not require that the sentences established in the 1989 statute be applied to anyone already serving a previously imposed sentence.

The court in *Stewart* also addressed an equal protection challenge based on Article XI, § 8 of the Tennessee Constitution which was identical to the issue Mr. Tomlinson has raised herein. Mr. Tomlinson argues that he and others sentenced prior to the 1989 Act were not treated equally to identical offenders who were sentenced after the 1989 law became effective. The *Stewart* court

concluded that the 1989 Act survived equal protection scrutiny because the purposes for distinguishing between prisoners sentenced under the Act and those sentenced under prior law "satisfy a compelling state interest and the means used are suitably tailored to accomplish those purposes."[3] Id. at 876. In identifying those interests, the Court noted:

> [T]here is a legitimate state interest at stake in not allowing the reopening of a virtual Pandora's box of all cases involving sentences imposed before November 1, 1989, but which are presently being served by confinement, parole, or probation.
>
> Society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition. The wholesale unsettling of final judgments of conviction and sentence which would occur if the 1989 Act were applicable as petitioner claims is a price the legislature was justified in not paying when it provided that the Act would not apply to previously sentenced offenders....Society is not required to undergo such a disruption of its criminal justice system.

Id. at 877 (quoting State ex rel. Crum v. McWherter, 1992 WL 99029 (Tenn. Crim. App.1992), perm. to appeal denied (Tenn. 1992)).

Thus, Appellant's continued incarceration under his original sentence does not violate his right to equal protection under the law. The trial court properly dismissed Appellant's claim that he should be resentenced under the 1989 Criminal Sentencing Reform Act. See Wilson v. State, 980 S.W.2d 196 (Tenn. App. 1998).

---

[3] The Stewart court questioned whether the strict scrutiny test was applicable in that case since a prisoner has no fundamental right to liberty after valid conviction and sentencing, citing several cases in support of that position. Id. At 876. In State v. Tester, 879 S.W.2d 823 (Tenn. 1994) our Supreme Court, citing Stewart, stated, "Although the right to personal liberty is fundamental, that right is not implicated after a person is convicted of a crime and the only issue is the manner of service of the sentence imposed." The Stewart court, finding a compelling state interest, determined that the application of the 1989 Act's shorter sentences only to persons who were not already sentenced under prior law would meet the higher strict scrutiny standard even if that standard were applicable.

III.

Mr. Tomlinson's second issue involves his eligibility for various sentence reduction credits. Prior to July 1, 1983 those convicted of Class X felonies were not entitled to sentence reduction for good, honor, incentive or other sentence reduction credits of any sort. Tenn. Code Ann. § 39-1-703 (1982) [repealed]. In 1983, the General Assembly adopted Public Chapter 400, which became effective July 1, 1983. In pertinent part, Section 3 of Chapter 400 stated:

> Notwithstanding the provisions of this chapter to the contrary, a person convicted of a Class X felony shall be eligible to receive prisoner performance sentence credits as provided in Tenn. Code Ann. § 41-21-230 to reduce the expiration date of such person's sentence. The provisions of this subsection shall not affect the release classification eligibility date of Class X offenders.

Tenn. Code Ann. § 40-28-301(I) (1983 Supp.) [repealed].

Appellant is eligible, as a Class X felon, for those credits available through Tenn. Code Ann. § 41-21-230, from July 1, 1983, the effective date of Public Chapter 400[4], but only for those credits.

In 1985, the General Assembly repealed those provisions then codified at Tenn. Code Ann. §§ 41-21-212, -214, -228, -229, and -230 (various sentence reduction credit eligibility statutes) and enacted Tenn. Code Ann. § 41-21-236 (1997). 1985 Tenn. Pub. Acts ch. 5 §§ 12 & 14. This provision allowed inmates convicted of Class X felonies to earn sentence reduction credits as follows:

> Any person who committed a felony, including any Class X felony, prior to December 11, 1985 may *become eligible* for the sentence reduction credits authorized by this section by signing a written waiver waiving his right to serve his sentence under the law in effect at the time his crime was committed. However, sentence reduction credits authorized

---

[4] Obviously, if Mr. Tomlinson was not, in fact, incarcerated until after July 1, 1983, he would have become eligible on the date of his incarceration.

by this section may be awarded only for conduct and/or performance from and after the date a person *becomes eligible* under this section.

Tenn. Code Ann. § 41-21-236(c)(3) (1990). (Emphasis added.).

Tenn. Code Ann. § 41-21-236(g) specifically authorizes the Department to continue the application of certain previously enacted sentence credit programs to any inmates to whom they applied at the time of enactment and who do not sign the written waivers provided for in § 41-21-236(c).

Thus, it appears that Appellant was eligible to earn those sentence reduction credits defined and established in former § 41-21-230, pursuant to Tenn. Code Ann. § 40-28-302 (1983 Supp.) [repealed] from its effective date until he signed a § 41-21-236(c) waiver in 1986. From that point, Appellant was eligible to earn the credits available under Tenn. Code Ann. § 41-21-236. Thus, Appellant has been eligible for certain sentence reduction credits since July 1, 1983, but for only one kind of credit at any time. The Department asserts it has treated Mr. Tomlinson in accordance with these conclusions, and Mr. Tomlinson does not dispute that assertion.

From all of the above, it is clear that Mr. Tomlinson's arguments regarding cumulative and retroactive eligibility for other types of sentence reduction credits have no basis in the statutes themselves. This is fatal to his claim since Mr. Tomlinson's eligibility for sentence reduction credits depends upon the language of the statutes creating, authorizing, or defining such credits. *Jones v. Reynolds*, 1997 WL 367661, *3 (Tenn. App. July 2, 1997). A review of the statutes relied upon by Appellant demonstrates that, as a Class X felon, he was not eligible for the sentence reduction credits established in any of the statutes he cites, except for T.C.A. § 41-21-230. With regard to those § 230 credits, the Department agrees that he was eligible for such credits until his 1986

waiver and has credited him with them.

To the extent Appellant's claims can be construed as an argument that he is entitled to both §§ 41-21-230 and 41-21-236 credits for any period of time, Tenn. Code Ann. § 41-21-236(c)(3), quoted above, clearly provides for election by the prisoner of the one type of credit he prefers. *See Jones v. Reynolds*, 1997 WL 367661 (Tenn. App. July 2, 1997). By signing his waiver in 1986, Mr. Tomlinson chose the type of credit he preferred. He is not entitled to claim both kinds of credits.

Additionally, a plain reading of Tenn. Code Ann. § 41-21-236 clearly indicates the General Assembly's intention regarding its applicability. In particular, § 41-21-236(c)(3), quoted above, specifically states the method for applying § 41-21-236 to previously convicted Class X felons. It is prospective only, and available only upon a written waiver. Petitioner has no right to eligibility for § 41-21-236's sentence reduction credits prior to signing the waiver in 1986 and has no basis for claiming retrospective application prior to § 41-21-236's enactment.

Finally, Appellant has raised on appeal an issue not raised in the trial court. That issue is whether he was fully informed of his § 41-21-236(c) waiver option and, therefore, whether his eligibility for sentence reduction credits under § 41-21-236 should begin earlier. It is well settled that an issue cannot be raised for the first time on appeal. *Irvin v. Binkley*, 577 S.W.2d 677, 679 (Tenn. App. 1979); *Stewart Title Guitar Co. v. F.D.I.C.*, 936 S.W.2d 266, 270-271 (Tenn App. 1996). The trial court herein was not presented with this issue or any factual information necessary to determine the issue. This Court can only consider such matters as were brought to the attention of the trial court.

IV.

Mr. Tomlinson's claims are based solely on legal arguments. In light of the clear holdings in *Stewart v. McWherter* and *Wilson v. State*, and in light of the clear language of the statutes involved, Mr. Tomlinson's petition fails to state a cause of action. We hold that neither the criminal savings statute nor the Tennessee Constitution mandate that the 1989 Sentencing Act be retroactively applied to Mr. Tomlinson's 1983 sentence. We further hold that Mr. Tomlinson is not entitled to eligibility for the statutorily created sentence reduction credits of Tenn. Code Ann. §§ 41-21-212, -214, -228, or -229. We therefore affirm the trial court's dismissal of this case, and remand the case for whatever further proceedings may be required. The costs of this appeal should be taxed to Mr. Tomlinson.

 

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____
BEN H. CANTRELL, PRESIDING JUDGE (M.S.)

_____
WILLIAM C. KOCH, JUDGE