IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

**August 27, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

JIMMY W. WILSON,                          )
                                          )          01A01-9806-CH-00302
        Plaintiff-Appellant,              )
                                          )          Appeal As Of Right From The
vs.                                       )          DAVIDSON COUNTY CHANCERY COURT
                                          )
TENNESSEE DEPARTMENT OF                   )
CORRECTION,                               )          HON. IRVIN H. KILCREASE, JR.
                                          )          CHANCELLOR
        Defendant-Appellee.               )


**For the Appellant:**                                  **For the Appellee:**

JIMMY W. WILSON                                         PAUL G. SUMMERS
Pro Se                                                  Attorney General and Reporter

                                                        ARTHUR CROWNOVER, II
                                                        Assistant Attorney General
                                                        Nashville, Tennessee 37243-0488


AFFIRMED AND REMANDED                                                    Swiney, J.


**OPINION**

        This Appeal involves a dispute between the appellant, an inmate of the Tennessee

Prison System, and the Tennessee Department of Correction concerning a determination of  the

Appellant's sentence reduction credit rights.  Appellant in his initial petition sought judicial review

by means of a petition for  declaratory judgment and/or common law writ of certiorari.  Appellant

contends that the Tennessee Department of Correction has committed various common law,

statutory, and administrative violations relating to computation of his sentence reduction credits.

 The Davidson County Chancery Court denied the Appellant's petition for declaratory judgment and

his alternative request for relief pursuant to common law writ of certiorari.  Appellant has appealed

1

to this Court.  For the reasons herein stated, we affirm the Trial Court's dismissal of the Appellant's complaint.

Although not precisely as enumerated in the pro se brief, amendment and reply brief filed by the Appellant, construing these papers in their most favorable light, the following issues are determinative of the rights on appeal in this case:

I.      Whether a meaningful choice was available to the appellant when he signed a waiver in 1986 to opt-in to the sentence reduction credit program enacted under Tenn. Code Ann. § 41-21-236.

II.     Whether the Department of Correction has infringed upon the rights of the Appellant by denying his request to rescind the waiver that allows the appellant to accrue sentence reduction credits under Tenn. Code Ann. § 41-21-236.

III.    Whether the Sentencing Reform Act of 1989 applies retroactively to affect the sentence reduction credits available to the appellant.

IV.     Whether Department of Correction Policy 502.02 affects the sentence reduction credits available to the Appellant.

V.      Whether the Appellant is entitled to review of the Tennessee Department of Correction's denial of his request for a declaratory order under the common law writ of certiorari.

Appellee states the issue as "[w]hether the Trial Court properly dismissed the plaintiff's claim for failure to state a claim upon which relief can be granted?"

### BACKGROUND

Jimmy Wayne "Jimbo" Wilson, ("Appellant") was convicted of rape and found to be a habitual criminal under Tenn. Code Ann. § 39-1-801 et seq (repealed 1989) in a bifurcated trial in Sullivan County.  The underlying criminal offense occurred on October 12, 1984.  Appellant was sentenced to life imprisonment as a habitual criminal on July 25, 1985.  The conviction was affirmed on appeal. State v. Wilson, C.C.A. No. 717, 1986 WL 12922 (Tenn. Crim. App. Nov. 14, 1986).

At the time of the Appellant's underlying offense and subsequent conviction as a habitual criminal under Tenn. Code Ann. § 39-1-801 et seq. (Repealed 1989), inmates, such as appellant, sentenced to life imprisonment as Class X habitual criminals were not eligible to earn sentence reduction credits under Tenn. Code Ann. § 40-28-116(b)(1).

In 1985, Class X felons with an offense date before December 11, 1985, including the Appellant, became eligible to earn prison sentence reduction credits, provided a waiver of rights under the previous statutes was signed by the inmate. Tenn. Code Ann. § 41-21-236.  The credits

2

only apply from the date of waiver forward under Tenn. Code Ann. § 41-21-236(c)(3). As the offense date of the appellant fell under this option, the Department of Correction offered, and the Appellant signed, such waiver of rights dated March 17, 1986. The Appellant became eligible to accrue sentence reduction credits after he signed the mandatory waiver in 1986.

The Appellant later decided, incorrectly, that the Sentencing Reform Act of 1989 would allow him to accrue more credits under the sentence reduction program in effect at the time of his rape offense. The Appellant filed a request to rescind his 1986 waiver "and be brought back under the old law of T.C.A. 41-21-229 and 41-21-230 for my sentence reduction credits be restructured my sentence." By response dated October 28, 1997 the Department of Correction notified the Appellant that this request would serve to eliminate the right of the Appellant to accrue sentence reduction credits. By letter dated December 12, 1997 the Department of Correction issued formal denial of the request by Appellant for declaratory order to allow appellant to rescind the 1986 waiver.

Pursuant to Tenn. Code Ann. § 4-5-225(a), Appellant brought an action for Declaratory Judgment in Davidson County Chancery Court seeking to have his sentence recalculated and sentence reduction credits increased in order to attain an earlier eligibility date for parole. Declaratory Judgment on the issues was properly before the Trial Court under Tenn. Code Ann. § 4-5-225(b). The Chancery Court dismissed the petition on Appellee's Motion to Dismiss for failure to state a claim upon which relief can be granted by Order filed May 29, 1998, from which Appellant appeals.

## DISCUSSION

### I.

A meaningful choice was not available to the Appellant when he signed a waiver in 1986 to opt-in to the sentence reduction credit program enacted under Tenn. Code Ann. § 41-21-236. Under the law in effect at the time of the triggering offense underlying the Appellant's conviction as a habitual offender and resulting sentence of life imprisonment, sentence reduction credits were not available to him. *See* Henderson v. Lutche, 938 S.W.2d 428 (Tenn. App. 1996)

The enactment of Tenn.Code Ann. § 41-21-236(c)(3) created the first opportunity for the Appellant to accrue sentence reduction credits. *See* Laney v. Campbell, App. No. 01A01-9703-

3

CH-00142, 1997 WL 401829 (Tenn. App. M.S. at Nashville July 18, 1997)(sentence reduction credit qualification does not apply retroactively upon change in eligibility status), *citing* Henderson v. Lutche, 938 S.W.2d at 430 (sentence reduction credit under § 41-21-236 accrues from the date of waiver, not from the date of sentencing). Thus, declining the statutory waiver procedure would have left the Appellant in the position of having no right to accrue sentence reduction credit, which is not a meaningful choice. Instead, the Appellant executed the waiver March 17, 1986 and has accrued sentence reduction credits since becoming eligible under the successor statutory program.

## II.

The Department of Correction has not infringed upon the rights of the appellant by denying his request to rescind the waiver that allows the Appellant to accrue sentence reduction credits under Tenn.Code Ann. § 41-21-236. The law in effect at the time of the offense did not allow the Appellant to accrue sentence reduction credits. The Appellant's decision to waive his rights under the prior law to be eligible under the new law did not affect any existing right to accrue reduction credits as no such right existed. This renders moot the Appellant's argument that his choice to sign the 1986 waiver was not "fully informed."

After analyzing the issues relating to rescinding the 1986 waiver, the Trial Court found that the position of the Department of Correction protected the rights of the Appellant. "This Court is of the opinion and finds that the petitioner is receiving the most favorable sentence credit treatment to which he is entitled. Therefore, the petition for a declaratory judgment of this Court ordering a recalculation of the petitioner's sentence is without merit."

In support of his assertion that he was not "fully informed" as to the consequences of the waiver, Appellant cites Jones v. Reynolds, No. 01A01-9510-CH-00484, 1997 WL 367661 (Tenn. App. M. S. at Nashville July 2, 1997) and Crowder v. Tennessee Department of Correction, et al., No. 01A01-9203-CH-00105, 1992 WL 207761 (Tenn. App. W. S. at Nashville Aug. 28, 1992), Jones is distinguished as addressing computation of sentence reduction credits when the inmate did not waive in to the 1985 act but continued to accrue credits under a predecessor act, and related calculation errors by the department. As the Appellant had no right to accrue credits under the predecessor act, Jones is not on point with the present issues on appeal. Crowder is distinguished as also involving an inmate accruing credit under a predecessor plan, whose assertion that the 1985

statutes created the right to "stack" sentence reduction credits under multiple plans was denied by the court. Once again, Crowder is not on point with the issues on appeal because the inmate there had a meaningful choice between sentence reduction credit programs, and Appellant here did not.

### III.

The Sentencing Reform Act of 1989 does not apply retroactively to affect the sentence reduction credits available to the appellant. Although mentioned in the Order dismissing the Appellant's petition, the Trial Court did not discuss the application of Tenn. Code Ann. § 40-35-101 et seq., the Sentencing Reform Act of 1989, to the assertions of the appellant. In his brief, Appellant cites State v. Ashby, 823 S.W.2d 166 (Tenn. 1991), as stating the proposition that the Sentencing Reform Act of 1989 serves to affect his sentence and sentence reduction credits through public policy. We disagree. State v. Ashby does not state, nor support, the proposition of the Appellant. In Ashby the issue on appeal was the propriety of the sentence imposed upon a particular non-violent offender for a particular crime, illegally selling drugs obtained under legal prescription, and the Trial Court's denial of alternative sentencing under the Community Corrections Act of 1985.

The propriety of the sentence imposed upon Appellant for the crime of rape and his related conviction as a habitual criminal has been affirmed on appeal before the proper court, with the extensive criminal history of the Appellant chronicled in State v. Wilson, *supra* as cited in and appended to the brief of the Appellee. Further, the arguments of the Appellant on issues relating to the Sentencing Reform Act of 1989 have already been addressed, and dismissed for failure to state a claim. Wilson v. State, et al., 980 S.W.2d 196 (Tenn. App. 1998), rehearing denied, 980 S.W.2d 196, 199 (Tenn. App.1998). *Accord*, Hensley v. Tennessee Department of Correction, No. 01A01-9712-CH-00747, 1999 WL 141065 (Tenn. App. M.S. at Nashville Mar. 17,1999), Williams v. Tennessee Department of Correction, No. 01A01-9801-CH-00010, 1999 WL 22359 (Tenn. App. M. S. at Nashville Jan. 21, 1999), Mauldin v. Tennessee Department of Correction, No. 01A01-9801-CH-00014, 1999 WL 5084 (Tenn. App. M. S. at Nashville Jan. 7, 1999).

Appellant also cites dicta from Kilby v. Jones,809 F.2d 324, 325 (6th Cir. 1987) apparently to support the argument that public policy favors applying the Sentencing Reform Act of 1989 to reduce his sentence. This issue was not raised in the Trial Court and may not be considered

on appeal. <u>Williams v. Tennessee Department of Corrections</u>, *supra*, citing <u>Irvin v. Binkley</u>, 577 S.W.2d 677, 679 (Tenn. App. 1979).

## IV.

Department of Correction Policy 502.02 does not affect the sentence reduction credits available to the Appellant. In papers treated most appropriately as an amendment to his brief, the Appellant claims that "pertinent and significant authorities" in the form of Tennessee Department of Corrections Administrative Policies and Procedures No. 502.02, dated Nov. 15, 1996 and amended Sept. 1, 1997, state that under department policy an indeterminate life sentence is treated as a 30-year determinate sentence, thus entitling him to sentence reduction credits under the statutes in effect at the date of his rape offense. Although in his Reply Brief the Appellant claims a right to such interpretation under *ex post facto* analysis, this argument fails to identify any element that would fall under any of the four classifications for ex post facto laws enumerated in <u>Davis v. Beeler</u>, 185 Tenn. 638, 653, 207 S.W. 2d 343, 349 (Tenn. 1948).

Additionally, Policy No. 502.02 clearly states, "PURPOSE: To establish guidelines for the amount of sentence credits which may be <u>taken</u> . . . and the amount of time a parole eligibility date may be <u>extended</u> for the commission of a disciplinary offense." (emphasis added). Thus, from its plain wording the policy applies to considerations for taking away accrued sentence reduction credits for punitive purposes, and has no applicability to any argument regarding qualification for sentence reduction credits.

## V.

Appellant is not entitled to relief from the Tennessee Department of Correction's denial of his request for a declaratory order under the common law writ of certiorari. The scope of review under the common law writ of certiorari covers only an inquiry into whether the Department of Correction exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily in denying the Appellant's request for a declaratory order. "At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review." <u>Powell v. Parole Eligibility Review Board</u>, 879 S.W.2d 871, 873 (Tenn. App. 1994). As the record reveals that the Appellant

is challenging the correctness of the decision of the Department of Correction rather than the manner in which the decision was reached, the Department of Correction's decision to deny his request for a declaratory order is not subject to judical review.

For these reasons, the answer to each of the five issues that make up the crux of the Appellant's appeal is no. The Trial Court's action dismissing the Appellant's claim for failure to state a claim for which relief can be granted was appropriate.

### CONCLUSION

The judgment of the Trial Court is affirmed and the cause remanded to the Trial Court for such further proceedings, if any, as may be required consistent with this Opinion, and for collection of costs below. Costs on appeal are adjudged against the Appellant.

_____
D. MICHAEL SWINEY, J.

CONCUR:

_____
HOUSTON M. GODDARD, P.J.

_____
CHARLES D. SUSANO, JR., J.

7