# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**March 12, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

CHARLES A. BUTLER, )
)
    Petitioner/Appellant, )
)
         Appeal No.
)   01-A-01-9804-CH-00172
VS. )
)   Davidson Chancery
)   No. 97-2826-III
TENNESSEE DEPARTMENT OF )
CORRECTION, )
)
    Respondent/Appellee. )

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

CHARLES A. BUTLER #136479
Northeast Correctional Center
P. O. Box 5000
Mountain City, Tennessee 37683
      Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL L. HAYNIE
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
      Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

An inmate sentenced to seventy-five years imprisonment under the Class X law filed a petition for writ of certiorari and for declaratory judgment, claiming that he was entitled to have his sentence recalculated under the more lenient statute that was enacted after he was sentenced. The trial court dismissed the petition. We affirm.

## I. A Change in the Sentencing Law

Charles A. Butler was convicted of aggravated assault, burglary with a firearm, and robbery with a deadly weapon. The date of these offenses was June 18, 1987. He was sentenced on May 26, 1989, and was ordered to serve ten years for the assault, fifteen years for the burglary, and fifty years for the armed robbery, an offense which was classified as a Class X felony both at the time the crime was committed and the time of sentencing. The sentences were ordered to run consecutively, for a total sentence of seventy-five years. On November 1, 1989, the Class X felony law was repealed, and was replaced by the more lenient Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101 et seq.

On May 15, 1997, Mr. Butler submitted a petition for a declaratory order to the Department of Correction, asking the Department to release him from custody immediately. He argued that he was entitled to be resentenced under the Criminal Sentencing Reform Act of 1989, on both statutory and constitutional grounds; that under the 1989 Act, the maximum penalty he could receive for the armed robbery would be twenty-five years; and that the application to the reduced sentence of certain sentence credits he had earned, and other credits he claimed to be entitled to,

rendered him eligible for immediate release. The Department denied his petition on July 21, 1997.

On August 22, 1997, Mr. Butler filed a timely petition, styled as a "Petition for Judicial Review, Declaratory Judgment and Writ of Certiorari" in the Chancery Court of Davidson County. His petition repeated the same arguments that were contained in his petition for a declaratory order, though with a bit more detail, and added the contention that the Department had exceeded its jurisdiction, and had acted "unconstitutionally, illegally, fraudulently and arbitrarily" by denying his earlier petition.

The Department filed a motion to dismiss the petition on the ground that it failed to state a claim upon which relief could be granted. On March 3, 1998, the trial court granted the defendant's motion. This appeal followed.

## II. The Statutory Argument

Mr. Butler argues on appeal that a law in effect at the time he was sentenced entitles him to receive the benefit of any subsequent statutory change in sentencing. He also argues that the State's failure to treat him in the same manner as those sentenced after November 1, 1989 was a violation of his constitutional equal protection rights. Both of those arguments have been examined by our courts in earlier cases, and were found to be without merit.

Mr. Butler's bases his statutory argument upon Tenn. Code Ann. § 39-1-105. This act, repealed in 1989, and reenacted as Tenn. Code Ann. § 39-11-112 read as follows:

> **Repealed or amended laws -- Application in prosecution for offense.--** Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by such

- 3 -

statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under such act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

In the case very similar to this one, *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875 (Tenn. Crim. App. 1992), the court analyzed Tenn. Code Ann. § 39-1-105, and determined it to apply only to active prosecutions. Thus, only those who had not been sentenced prior to the effective date of a law reducing the penalty for their crime would receive the benefit of the more lenient law; those who had already been sentenced would not have their sentences altered.

As the court noted, this interpretation is consistent with the enabling legislation for the 1989 Sentencing Act which provides that the "act shall not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before its effective date." 1989 Public Acts ch. 591 § 115. Further, Tenn. Code Ann. § 40-35-117 specifically limits the application of the Act to those individuals sentenced after its effective date of November 1, 1989.

### III. The Constitutional Argument

The appellant contends that the statute violates his equal protection rights under the Fourteenth Amendment of the U.S. Constitution, and under Article XI, Section 8 of the Tennessee Constitution. He argues that no legitimate governmental purpose is served by incarcerating him for fifty years, when another individual sentenced for an identical crime could be sentenced to no more than twenty-five years, just because he was sentenced after November 1, 1989. Mr. Butler argues (as did Mr. Stewart) that strict constitutional scrutiny should be applied to his claim because of the liberty interest at stake. *See Doe v. Norris*, 751 S.W.2d 834 (Tenn. 1988).

In the alternative, he argues that even if we do not find a fundamental right to be at stake, and we therefore apply the more relaxed "rational basis test" to his claim, we would still be required to resentence him, because the State can claim no possible rational relationship between classifications based upon date of sentencing, and any legitimate state interest. *See Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307 (1976); *Plyler v. Doe*, 457 U.S. 202 (1982).

In the *Stewart* case, supra, the Court of Criminal Appeals held that the strict scrutiny test did not apply, because the prisoner had lost the relevant portion of his fundamental right to personal liberty by virtue of his lawful conviction. We agree with the Court of Criminal Appeals.

The court went on to say, however, that even if it applied the strict scrutiny test to the prisoner's claim, it would still have to uphold the constitutionality of the distinction created by Tenn. Code Ann. § 40-35-117, because of a compelling state interest which it explained as follows:

> There is a legitimate state interest at stake in not allowing the reopening of a virtual Pandora's box of all cases involving sentences imposed before November 1, 1989, but which are presently being served by confinement, parole or probation.
>
> Society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition. The wholesale unsettling of final judgments of conviction and sentence which would occur if the 1989 Act were applicable as the petitioner claims is a price the legislature was justified in not paying when it provided that the Act would not apply to previously sentenced offenders.

857 S.W.2d at 877.

Mr. Butler criticizes this reasoning. He cites the statutes creating the Parole Eligibility Review Board and permitting Class X offenders to sign waivers and receive sentence reduction credits under new law as two examples of the legislative willingness to open "a pandora's box" of old cases, and thus implies that the

legislature itself has found the governmental interest discussed above less than compelling.

However, we disagree. We regard the legislature's actions as an attempt to balance competing, but equally legitimate governmental interests. It wished to relieve prison overcrowding without endangering the public, while at the same time preserving the finality of validly imposed sentences. To accomplish this, it enacted statutes that are far more narrowly focused than would be the wholesale resentencing of those convicted under the Class X laws. It opened the lid of pandora's box to the extent it believed necessary, and cannot be compelled by virtue of that action to open it further.

Mr. Butler argues that the appellee's interpretation of the Sentencing Reform Act of 1989 undermines the legislature's stated goal of reducing prison overcrowding. He refers us to the case of *State v. Ashby*, 823 S.W.2d 166 (Tenn. 1991), in which our Supreme Court reversed a sentence of incarceration after a broad discussion of sentencing considerations, including the State's interest in reducing overcrowding.

However the *Ashby* case involved the proper application of the Sentencing Reform Act of 1989 to a defendant who had been sentenced under that Act on November 15, 1989. The Supreme Court asserted that the question of prison overcrowding should have been part of the equation considered by the trial court in its original sentence. That case did not involve the assertion of a right to be resentenced because of a change in the law. Thus the opinion in *Ashby* does not conflict with *Stewart,* despite Mr. Butler's argument to the contrary. The two cases are easily distinguishable on the facts, as well as on the law which is under examination.

## IV. Sentence Reduction Credits

Finally, the trial court dismissed Mr. Butler's claim that he was entitled to Good Conduct Sentence Credits, Prisoner Performance Credits, and additional sentence credits under the Inmate Incentive Program, pursuant to Tenn. Code Ann. §§ 41-21-228, 229 and 230. As the trial court pointed out, each of these statutes was repealed in 1985, prior to the date of his offense, and therefore they did not apply to him.

Mr. Butler again brings up sentence reduction credits on appeal, but now bases his argument on whether or not he was "'fully informed' of his right to sign (or not to sign) a waiver." This argument was not presented in the trial court, and as it is being raised for the first time on appeal, this court is not required to consider it. *Irvin v. Binkley*, 577 S.W.2d 677 (Tenn. App. 1979).

However it appears that Mr. Butler is referring to the fact that the Department of Correction is authorized to continue calculating sentence credits according to the scheme established by Tenn. Code Ann. §§ 41-21-121 through 41-21-233, for inmates who have not waived that right in order to receive the benefits of sentence reduction credits under the later-enacted Tenn. Code Ann. § 41-21-236. But the right to receive credits under the repealed statutes (and thus the right to sign a waiver) is limited to those whose offenses occurred when those statutes were still in effect. Thus the argument is without merit.

**V.**

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

- 7 -

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

- 8 -

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE