STATE of Tennessee ex rel. Alonzo
I. STEWART, Appellant,

v.

Ned McWHERTER, Governor
of the State of Tennessee;

W. Jeff Reynolds, Commissioner, Tennessee Dept. of Correction; and Michael Dutton, Warden, Riverbend Maximum Security Institution for Men at Nashville, Appellees.

Court of Criminal Appeals of Tennessee,
at Nashville.

Nov. 18, 1992.

Application for Permission to Appeal
Denied March 1, 1993.

Thomas J. Drake, Jr., Nashville, for appellant.

Charles W. Burson, Atty. Gen., and C. Mark Fowler, Asst. Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen., Nashville, for appellees.

## OPINION

TIPTON, Judge.

The petitioner, Alonzo I. Stewart, appeals as of right from the dismissal of his petition for writ of habeas corpus by the Davidson County Criminal Court. He is presently incarcerated by the Department of Correction, serving sentences totalling one hundred thirty years. On March 18,

1983, the petitioner was sentenced to ten years for armed robbery. On December 13, 1983, he was sentenced to forty years for each of five armed robbery convictions, three of which were ordered to be served consecutive to each other and consecutive to the earlier conviction. In this appeal, the petitioner contends that his constitutional right to equal protection under the law entitles him to the application of the 1989 Criminal Sentencing Reform Act so as to reduce his sentence and allow his release. Also, he asserts that the legislature has mandated the application of the 1989 Sentencing Act to his sentences so as to entitle him to immediate release. We disagree.

The petitioner's position stems from the fact that the 1989 Act designates an armed robbery committed before November 1, 1989, as a Class B felony, T.C.A. § 40–35–118, for which a Range I offender is exposed to a range of punishment of eight to twelve years. T.C.A. § 40–35–112(a)(2). His reasoning is that application of the 1989 Act would show that he has presently served twelve years and is entitled to release.

■ The 1989 Sentencing Act provides that it applies only to those offenders who are sentenced after its effective date. T.C.A. § 40–35–117. Also, the enabling legislation for the Act provides that the "act shall not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before its effective date." 1989 Tenn.Pub.Acts, ch. 591, § 115. Thus, by its terms, the 1989 Act does not apply to the petitioner's cases.

■ The thrust of the petitioner's constitutional argument is that equal protection of the law under Article XI, § 8 of the Constitution of Tennessee and the Fourteenth Amendment to the United States Constitution prohibits arbitrary and capricious legislation which confers upon one class of persons (armed robbers sentenced under the 1989 Act) benefits from which others in a like situation (armed robbers sentenced under previous law) are excluded. He contends that his personal liberty is a fundamental right which requires the state to demonstrate that its classification of the two groups has been precisely tailored to serve a compelling government interest. See Doe v. Norris, 751 S.W.2d 834, 841–42 (Tenn.1988). Equal protection requires that all persons similarly situated must be treated alike and, ordinarily, legislatures may determine what groups are different so long as the classification has a reasonable relationship to a legitimate state interest. However, if the classification "disadvantages a 'suspect class' or impinges upon the exercise of a 'fundamental right' the legislative classification is subject to strict scrutiny by the courts" requiring a compelling state interest. Doe, 751 S.W.2d at 841.

■ Although Doe holds that personal liberty is a fundamental right, we question the application of the strict scrutiny test in this case. The petitioner's fundamental right to personal liberty was forfeited by his convictions for multiple armed robberies for which he received sentences totalling one hundred thirty years. His sentences were not cruel and unusual punishment, were imposed through due process of law and were in all ways valid at the time of their imposition. In State ex rel. Bobby L. Crum v. Ned McWherter, No. 02C01–9108–CC–00181, Lake Co., 1992 WL 99029 (Tenn.Crim.App., Jackson, May 13, 1992), this Court applied the rational basis test in rejecting a claim similar to the petitioner's. See also McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973) (applying rational basis test in holding no equal protection violation in denying good behavior sentence reduction credits for presentence confinement). However, even if we were to apply the strict scrutiny test, the result would not change because the purposes for distinguishing between the two groups satisfy a compelling state interest and the means used are suitably tailored to accomplish those purposes. As was stated in Crum:

[T]here is a legitimate state interest at stake in not allowing the reopening of a virtual Pandora's box of all cases involving sentences imposed before November 1, 1989, but which are presently being

served by confinement, parole or probation.

Society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition. The wholesale unsettling of final judgments of conviction and sentence which would occur if the 1989 Act were applicable as the petitioner claims is a price the legislature was justified in not paying when it provided that the Act would not apply to previously sentenced offenders. The petitioner's case is an example of the problems which would be incurred. He asserts that he would be treated as a Range II, Class A offender subject to a range of punishment of twenty-five to forty years. However, to determine if such classification applied and what actual sentence should be imposed, it would be necessary for a full rehearing to develop all relevant evidence dealing with sentencing under the 1989 Act. Society is not required to undergo such a disruption of its criminal justice system.

Slip op. at 4.

A primary purpose in the development and enactment of the 1989 Sentencing Act was to address the pressing issue of prison overcrowding through the creation of new offense and sentencing standards. *See, e.g., State v. Ashby,* 823 S.W.2d 166, 168 (Tenn.1991). By limiting the Act's application to persons who were not previously sentenced, the legislature devised a partial solution to prison overcrowding while avoiding the reopening of cases in which persons had been validly sentenced previously. Thus, the petitioner's right to equal protection under the law has not been violated by his continued incarceration under the original sentences.

■ Also, the petitioner contends that T.C.A. § 39–11–112, and its forerunner, T.C.A. § 39–1–105 (1982) [repealed], apply to him so as to require him to be resentenced under the 1989 Sentencing Act. T.C.A. § 39–1–105 provided as follows:

*Repealed or amended laws—Application in prosecution for offense.*—Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by such statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under such act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

This act was repealed and reenacted as T.C.A. § 39–11–112 which also provides that the 1989 Sentencing Act shall apply to such prosecutions. The petitioner's contention is misplaced. The criminal savings statute has never been interpreted to apply to convictions and sentences which were already received when a subsequent act or amendment provided for a lesser penalty. By their terms, the former and present savings statutes relate to active *prosecutions,* not past cases for which sentences are being served. Absent clear language to the contrary, the changes in sentencing wrought by the 1989 Sentencing Act or by any other act after the petitioner's sentences were imposed would not affect those sentences because they were penalties already incurred. *See* T.C.A. § 1–3–101; *cf. Stinson v. State,* 208 Tenn. 159, 344 S.W.2d 369 (1961).

■ Finally, although the petitioner alleges that his term of imprisonment has expired if the 1989 Sentencing Act is applied, the record supports the opposite conclusion. Even if his sentences were deemed to be in the range of eight to twelve years as Class B, Range I felonies, the fact that he received four consecutive sentences would make his total sentence in the range of thirty-two to forty-eight years. It is well established that an accused confined to prison pursuant to judicial authority may only obtain habeas corpus relief when the accused's sentence is void or the term of imprisonment has expired. *Hall v. Heer,* 217 Tenn. 392, 398 S.W.2d 71 (1966); *State ex rel. Dickens v. Bomar,* 214 Tenn. 493, 381 S.W.2d 287 (1964); *State ex rel.*

*Grandstaff v. Gore,* 182 Tenn. 94, 184 S.W.2d 366 (1945); *Adams v. Russell,* 179 Tenn. 428, 167 S.W.2d 5 (1942). Obviously, even under the petitioner's theory his term of imprisonment has not expired.

The judgment is affirmed.

WADE, J., and WILLIAM M. DENDER, Special Judge, concur.