DAVID PALMER,                          )
                                       )
          Plaintiff/Appellant,         )          Appeal No.
                                       )          01-A-01-9712-CH-00731
v.                                     )
                                       )          Davidson Chancery
TENNESSEE DEPARTMENT                   )          No. 97-2591-I
OF CORRECTION,                         )
                                       )
          Defendant/Appellee.          )
                                       )

FILED

December 16, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR




DAVID PALMER, Pro Se
#116977 NECX  POB  5000
Mountain City, Tennessee  37683


JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

SOHNIA W. HONG
Assistant Attorney General
Civil Rights and Claims Division
Second Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee  37243
          ATTORNEYS FOR DEFENDANT/APPELLEE




AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# OPINION

This appeal involves a state prisoner's efforts to obtain judicial review of a decision of the Tennessee Department of Correction. After the Department denied the prisoner the relief that he sought in his Petition for Declaratory Order, the prisoner filed a pro se "Petition for Judicial Review and/or Petition for a Declaratory Judgment and/or Petition for Common-law Writ of Certiorari" in the Chancery Court of Davidson County. The trial court granted the Department's motion to dismiss pursuant to Rule 12.02(6) of Civil Procedure. We affirm the dismissal of the prisoner's petition because it fails to state a claim upon which relief can be granted.

## I.

David Palmer is incarcerated in the Northeast Correctional Center where he was ordered to serve a forty-year sentence for the offense of aggravated rape, a three-year sentence for the offense of joyriding, and a one-year sentence for the offense of petit larceny. All three offenses were committed in 1986 and Mr. Palmer began serving his time for these offenses on September 11, 1986. In August of 1997, Mr. Palmer began this proceedings by filing a Petition for Declaratory Order with the Tennessee Department of Correction.

## II.

In his Petition for Declaratory Order, Mr. Palmer challenged the sentence he now serves on two grounds only one of which he has raised on appeal. The issue on appeal involves the criminal savings statute Section 39-1-105 of the Tennessee Code and Article XI, § 8 of the Tennessee Constitution. Our state constitution provides in pertinent part:

> The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities, or exemptions other than such as may be, by the same law extended to any member of the community, who may be able

to bring himself within the provisions of such law.

Tenn. Const. art. XI, § 8.

The criminal saving statute was repealed in November of 1989 and reenacted with nearly identical language as follows:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by the statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. Except as provided under the provisions of § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Tenn. Code Ann. § 39-11-112 (1997).

At the time of Mr. Palmer's offense, aggravated rape was a Class X felony pursuant to Tennessee Code Annotated section 39-1-701 (1982) (repealed). However the law was changed by the Criminal Sentencing Reform Act of 1989 such that aggravated rape is now a Class A felony. Tenn. Code Ann.§ 39-13-502 (1997). Mr. Palmer claims that under the 1989 Act, the maximum sentence he could receive for aggravated rape is twenty years at 45%. *See* Tenn. Code Ann. § 40-35-112 (1997), § 40-35-501 (Supp. 1998). In his petition for a declaratory order, it was Mr. Palmer's position that, since he had already served eleven years and since he had six and a half years in sentence credits, he is entitled to immediate release if sentenced under the 1989 Act.

Mr. Palmer maintains that the criminal savings statute mandates this downward adjustment to his sentence which entitles him to immediate release. In dismissing Mr. Palmer's action, the trial court held that the criminal savings statute did not apply to sentences which were already received when a subsequent act or amendment provided for a lesser penalty. We agree. As the Court of Criminal Appeals has stated, "The criminal savings statute has never been interpreted to apply to convictions and sentences which were already received when a subsequent act or amendment provided for a lesser penalty. By

their terms, the former and present savings statutes relate to active prosecutions, not past cases for which sentences are being served." *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875, 877 (Tenn. Crim. App. 1992), perm. to appeal denied, (Tenn. 1993).

The court in *Stewart* also addressed the equal protection challenge of Article XI, § 8 raised by Mr. Palmer which is that he was not treated equally to identical offenders in his class who were sentenced after the 1989 law became effective. The *Stewart* court noted that a primary purpose of the legislature in enacting the 1989 Sentencing Act was to fight overcrowding in the prison system by creating new sentencing standards. By limiting the Act in application to persons not previously sentenced, the legislature devised a "partial solution to prison overcrowding while avoiding the reopening of cases in which persons had been validly sentenced previously." *Id.* at 877. The court concluded that the 1989 Act survived equal protection scrutiny because the purposes for distinguishing between prisoners sentenced under the Act and those sentenced under prior law satisfy a compelling state interest:

> [T]here is a legitimate state interest at stake in not allowing the reopening of a virtual pandora's box of all cases involving sentences imposed before November 1, 1989, but which are presently being served by confinement, parole, or probation.
>
> Society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition. The wholesale unsettling of final judgments of conviction and sentence which would occur if the 1989 Act were applicable as petitioner claims is a price the legislature was justified in not paying when it provided that the Act would not apply to previously sentenced offenders....Society is not required to undergo such a disruption of its criminal justice system.

*Id.* at 877 (quoting *State ex rel. Crum v. McWherter*, No. 02C01-9108-CC-00181, 1992 WL 99029 (Tenn. Crim. App.1992), perm. to appeal denied, (Tenn.1992)).

Mr. Palmer argues that *Stewart v. McWherter* contradicts Tennessee's legislative history with respect to the 1989 Act. For, he contends that if a

primary purpose of the 1989 Act was to address the pressing issues of prison overcrowding, then the state should not oppose the reduction of his sentence which would only effectuate this purpose. However, the intent of the legislature is certainly achieved by applying the statute to all sentences imposed after November 1, 1989. The only question is whether or not it is constitutionally permissible to not apply the 1989 Act to persons previously sentenced. As outlined above, *Stewart v. McWherter* has answered this question.

The trial court granted the Department of Correction's motion to dismiss pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure. A rule 12.02 motion admits the truth of all relevant and material averments contained in a complaint, but asserts that such facts do not constitute a cause of action. Once a trial court's grant of a 12.02(6) motion has been appealed, the appellate court must "take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997) (citing Tenn. R. App. P. 13(d) and *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn.1996)). In light of the clear holding in *Stewart v. McWherter*, Mr. Palmer's petition fails to state a cause of action.

III.

We hold that neither the criminal savings statute nor the Tennessee Constitution mandate that the 1989 Sentencing Act be retroactively applied to Mr. Palmer's 1986 sentence. We therefore affirm the trial court's dismissal of this case. The costs of this appeal should be taxed to Mr. Palmer.

_____

                                        WILLIAM B. CAIN, JUDGE

CONCUR:

_____

BEN H. CANTRELL, PRES. JUDGE, M.S.


_____

PATRICIA J. COTTRELL, JUDGE