**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

FILED

December 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **WENDELL LEGGS,** | ) |
| | ) |
| Petitioner, | )   C. C. A. NO. 02C01-9907-CC-00219 |
| | ) |
| vs. | )   LAUDERDALE COUNTY |
| | ) |
| **STATE OF TENNESSEE,** | )   No. 5110 |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court in this case by order rather than formal opinion. The above-captioned case represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. It appears the petitioner is currently serving an effective sentence of fifty years for several 1986 convictions of aggravated rape and aggravated kidnapping. The petitioner contends that his sentence has expired because the statute under which he was sentenced no longer exists and the current law imposes a lesser penalty for the offenses committed.

Having reviewed the state's motion in light of the petitioner's brief and the record as a whole, we conclude that the motion is well-taken and should be granted. In dismissing the petition, the trial court found that the petitioner had failed to show upon the face of the judgment or the record of the proceedings upon which the judgment was rendered that the convicting court was without jurisdiction or authority to sentence the petitioner or that the petitioner's sentence of imprisonment or other restraint has expired. See State v. Archer, 851 S.W.2d 157 (Tenn. 1993).

Initially, we note that the petitioner failed to include a copy of the judgment in the record on appeal. T.R.A.P. 24(b). In such a case, the petitioner has waived the affected issues and this Court, therefore, is precluded from conducting an appropriate

review on appeal. See State v. Ballard, 855 S.W.2d 557 (Tenn. 1993). Accordingly, "[i]n the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Nevertheless, given the record before the Court, we agree with the trial court's ruling in this case. Contrary to the petitioner's argument, the Tennessee Criminal Sentencing Reform Act of 1989, which repealed the statute under which the petitioner was apparently convicted and sentenced, specifically states that "[t]his act shall not affect rights and duties matured, penalties that were incurred, or proceedings that were begun before its effective date." 1989 Tenn. Pub. Acts ch. 591, § 115. See also State ex rel. Stewart v. McWherter, 857 S.W.2d 875 (Tenn. Crim. App. 1992) (holding that the imposition of lesser sentences under the 1989 Act does not violate constitutional right to equal protection); State v. Russell, 866 S.W.2d 578 (Tenn. Crim. App. 1991). Therefore, since the petitioner is not challenging the appropriateness of his sentence at the time it was imposed, his present claim must fail.

Accordingly, we cannot find any error on the part of the trial court in dismissing the petition. It is therefore ORDERED that the state's motion is granted. Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, we affirm the trial court's dismissal of the petitioner's petition for writ of habeas corpus.

_____
DAVID G. HAYES, JUDGE


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE