# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**March 17, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

JOHN J. VILLANUEVA          )
                            )
    Plaintiff/Appellant,          )          Appeal No.**March 17, 1999**
                            )          01A01-9803-CH-00143
v.                          )
                            )          Davidson Chancery
TENNESSEE DEPARTMENT        )          No. 97-2928-III
OF CORRECTION,              )
                            )
    Defendant/Appellee.          )
                            )


APPEAL FROM THE CHANCERY COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE


THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR


JOHN J. VILLANUEVA
#117376 NECX  POB  5000
Mountain City, Tennessee  37683

PRO SE


JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

PAMELA S. LORCH
Assistant Attorney General
Civil Rights and Claims Division
Second Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee  37243

ATTORNEYS FOR DEFENDANT/APPELLEE


**AFFIRMED AND REMANDED**


CONCUR:
KOCH, J.
CAIN, J.

PATRICIA J. COTTRELL , JUDGE

# OPINION

_____This appeal involves a state prisoner's challenge to his continued incarceration. The prisoner contends that he is entitled to the benefit of the 1989 Sentencing Reform Act's allegedly lesser sentence for the crime of which he was convicted, rather than the life sentence imposed upon him as a habitual offender at the time of his conviction in 1987. The trial court granted the Department's Motion for Summary Judgment dismissing the prisoner's petition. We affirm the trial court's judgment.

On July 16, 1987, Mr. Villanueva was found guilty by a Jefferson County jury of first degree burglary. Based upon this "triggering" offense and requisite qualifying felony convictions, the appellant received an enhanced sentence of life imprisonment after a jury found him to be a habitual offender.[1] *See* Tenn. Code Ann. § 39-1-801 [repealed 1989]. The appellant is currently incarcerated at the Northeast Correctional Center in Johnson County. The triggering offense of burglary was committed in September of 1986, and Mr. Villanueva was sentenced on July 16, 1987.

On August 7, 1997, Mr. Villanueva filed a Petition for Declaratory Order with the Tennessee Department of Correction, asking the Department to immediately release him on the basis of an interpretation of Tenn. Code Ann. § 39-1-105 and various statutes relating to sentence reduction credits[2]. The Department refused to grant relief on August 11, 1997. On August 29, 1997, Mr. Villanueva filed a Petition for Judicial Review and/or Petition for a Declaratory Judgment and/or Petition for Common-law Writ of Certiorari in the Chancery Court of Davidson County, seeking judicial review of the Department's decision. The trial court granted a summary judgment motion filed on behalf of the Department.[3]

---

[1] Subsequently, Appellant was also convicted of rape, sexual battery and burglary in the first degree.

[2] Mr. Villanueva has not raised this sentence reduction credit issue on appeal.

[3] The trial court noted in its order that the Appellant's failure to comply with Tenn. Code Ann. § 41-21-801 et seq., warranted dismissal of Appellant's petition. We agree. However, like the trial court, we have considered the Appellant's substantive claims.

The Appellant committed the triggering offense in 1986, and he was sentenced on July 16, 1987 under the Habitual Offender Act. That act was repealed in 1989 and replaced by the Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-101 et seq. On appeal, Appellant contends that had he been sentenced under the 1989 Act for the same offense (burglary), his sentence would have been significantly shorter than the sentence he is now serving. He further contends that his sentence should be reduced to the lower sentence applicable after 1989 because of the criminal savings statute, Tenn. Code Ann. § 39-1-105[4] (1982) [repealed], and by virtue of the equal protection clause of the Tennessee Constitution. With respect to these issues, the trial court held:

> At the outset, it is apparent that the 1989 Act does not apply to the plaintiff's case because the provisions of the Act state that the Act applies only where the crime was committed or sentence is pending at the time of the new enactment, November 1, 1989.

> Additionally, the Criminal Savings Statute has never been interpreted to apply to convictions and sentences which were already received when a subsequent act or amendment provides for a lesser penalty. *State ex rel. Stewart V. McWherter*, 857 S.W.2d 875 (Tenn. Crim. App. 1992).

> The plaintiff's equal protection claim also must fail because the legislature treating a particular class of persons differently is allowed as long as there is a reasonable relationship to a legitimate state interest. The legitimate state interest is not allowing the reopening of all cases involving sentences imposed before November 1, 1989. *Stewart* at 876-77.

Mr. Villanueva maintains that the criminal savings statute mandates downward adjustment of his sentence to the 1989 Act's relevant maximum entitling him to immediate release. The criminal savings statute in effect when

---

[4]This section was codified at Tenn. Code Ann. § 39-1-105 at the time of Appellant's offense and sentencing, but was repealed as of November 1, 1989, and replaced by Tenn. Code Ann. § 39-11-112 (1997), which is nearly identical in language.

Appellant was sentenced and until November of 1989 read:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by the statute or act being repealed or amended, committed while such statute or act was in full force and effect will be prosecuted under the act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed will be in accordance with the subsequent act.

Tenn. Code Ann. § 39-1-105 (1982).

As the Court of Criminal Appeals has stated, "The criminal savings statute has never been interpreted to apply to convictions and sentences which were already received when a subsequent act or amendment provided for a lesser penalty. By their terms, the former and present savings statutes relate to active prosecutions, not past cases for which sentences are being served." *State ex rel. Stewart V. McWherter*, 857 S.W.2d 875, 877 (Tenn. Crim. App. 1992), perm. to appeal denied (Tenn. 1993).

The court in *Stewart* also addressed the equal protection challenge based on Article XI, § 8 of the Tennessee Constitution raised by Mr. Villanueva, which is that he and those sentenced prior to the 1989 Act were not treated equally to identical offenders who were sentenced after the 1989 law became effective. The *Stewart* court noted that a primary purpose of the legislature in enacting the 1989 Sentencing Act was to fight overcrowding in the prison system by creating new sentencing standards. By limiting the Act in application to persons not previously sentenced, the legislature devised a "partial solution to prison overcrowding while avoiding the reopening of cases in which persons had been validly sentenced previously." *Id.* at 877. The court concluded that the 1989 Act survived equal protection scrutiny because the purposes for distinguishing between prisoners sentenced under the Act and those sentenced under prior law "satisfy a compelling state interest and the means used are suitably tailored to accomplish those purposes."[5] *Id.* at 876. The court further

---

[5] The *Stewart* court questioned whether the strict scrutiny test was applicable in that case since a prisoner has no fundamental right to liberty after valid conviction and sentencing, citing several cases in support of that position. Id. At 876. In *State v. Tester*, 879 S.W.2d 823 (Tenn. 1994) our Supreme Court, citing *Stewart*, stated "Although the right to personal liberty is fundamental, that right is not implicated after a person is convicted of a crime and the only issue is the manner of service of the sentence imposed." The *Stewart* court, finding

noted the interests served:

> [T]here is a legitimate state interest at stake in not allowing the reopening of a virtual Pandora's box of all cases involving sentences imposed before November 1, 1989, but which are presently being served by confinement, parole, or probation.
>
> Society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition. The wholesale unsettling of final judgments of conviction and sentence which would occur if the 1989 Act were applicable as petitioner claims are a price the legislature was justified in not paying when it provided that the Act would not apply to previously sentenced offenders . . . Society is not required to undergo such a disruption of its criminal justice system.

*Id.* at 877 (quoting *State ex rel. Crum v. McWherter*, 1992 WL 99029 (Tenn. Crim. App.1992), perm. to appeal denied (Tenn. 1992)).

Thus, Appellant's continued incarceration under his original sentence does not violate his right to equal protection under the law. We hold that neither the criminal savings statute nor the Tennessee Constitution mandate that the 1989 Sentencing Act be retroactively applied to Mr. Villanueva's 1987 sentence. *See Wilson v. State*, 980 S.W.2d 196 (Tenn. Ct. App. 1998), perm. to appeal denied (Tenn. 1998); *Smith v. State*, 1998 WL 75288 (Tenn. Crim. App. 1998); *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875, 877 (Tenn. Crim. App. 1992), perm. to appeal denied (Tenn. 1993); *State ex rel. Crum v. McWherter*, 1992 WL 99029 (Tenn. Crim. App. 1992), perm. to appeal denied (Tenn. 1992).

We therefore affirm the trial court's dismissal of this case, and remand the case for whatever further proceedings may be required. The costs of this appeal should be taxed to Mr. Villanueva.

---

a compelling state interest, determined that the application of the 1989 Act's shorter sentences only to persons who were not already sentenced under prior law would meet the higher strict scrutiny standard even if that standard were applicable.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JUDGE


_____
WILLIAM B. CAIN, JUDGE