## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JUNE 1999 SESSION

**FILED**

July 15, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **BOBBY L. CRUM,** | ) | |
| | ) | **NO. 01C01-9810-CR-00432** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. STEVE R. DOZIER,** |
| **FLORA J. HOLLAND, Warden,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

**FOR THE APPELLANT:**

**BOBBY L. CRUM, Pro Se**
#00095044
Special Needs Facility
7575 Cockrill Bend Industrial Rd.
Nashville, TN  37209-1057

**FOR THE APPELLEE:**

**MICHAEL E. MOORE**
Solicitor General

**LUCIAN D. GEISE**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**JON P. SEABORG**
Assistant District Attorney General
Washington Square
222-2nd Avenue North, Suite 500
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED - RULE 20**

**JOE G. RILEY,**
**JUDGE**

Appellant, BOBBY L. CRUM, appeals the trial court's summary dismissal of his petition for writ of *habeas corpus*. Appellant asserts his 1981 conviction and life sentence for aggravated kidnapping are void since this Court did not affirm the conviction until July 22, 1982, and the Criminal Sentencing Reform Act of 1982 (effective July 1, 1982) would significantly reduce his sentence for this particular offense. Thus, he asserts he is entitled to be resentenced under the 1982 Act. We disagree.

Appellant was arrested and charged with aggravated kidnapping in March 1980, was convicted of that charge in December 1981, and was sentenced in January 1982. He alleges that he should be resentenced under the 1982 Sentencing Act since his conviction was not affirmed by this Court until July 22, 1982.

"Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). If an appellant fails to meet this threshold requirement, the trial court need not conduct a hearing and may summarily dismiss the petition for writ of habeas corpus. Tenn. Code Ann. § 29-21-109.

Appellant cites Tenn. Code Ann. § 39-11-112 (1997) in support of his argument for the more favorable sentencing provisions of the 1982 Reform Act:

> "[e]xcept as provided under the provisions of § 40-35-117, *in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act*." (Emphasis added by appellant).

2

However, appellant blatantly fails to acknowledge the provisions of Tenn. Code Ann. § 40-35-117(c) (1997) which provides:

> "[f]or all persons who *committed* crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to *sentencing*, parole and probation." (Emphasis added).

Appellant seeks to be sentenced under the 1982 Sentencing Act; however, that Act specifically states that "[f]or all persons who *committed crimes prior to July 1, 1982*, the prior law shall remain in full force and effect in every respect, including but not limited to *sentencing*, parole and probation." Tenn. Code Ann. 40-35-112(a) (1982)(emphasis added). The fact that the conviction was not affirmed by this Court until July 22, 1982, is irrelevant since the 1982 Sentencing Act does not apply to crimes *committed* prior to July 1, 1982. *Id.*

Furthermore, the fact that subsequent legislation provides for a lesser penalty than that received under prior legislation neither implicates nor violates any of appellant's constitutional rights. *See* State ex rel. Steward v. McWherter, 857 S.W.2d 875, 876 (Tenn. Crim. App. 1992); State ex rel. Bobby L. Crum v. Ned McWherter, C.C.A. No. 02C01-9108-CC-00181, Lake County (Tenn. Crim. App. filed May 13, 1992, at Jackson).[1]

Based upon the foregoing, the judgment of the trial court is AFFIRMED pursuant to Rule 20, Tennessee Court of Criminal Appeals.[2] It appearing that the appellant is indigent, costs shall be taxed to the state.

So ordered. Enter:

---

[1] In this 1992 case, the same appellant contended in a habeas corpus petition that he should be resentenced under the 1989 Sentencing Act. That argument was also rejected by this Court.

[2] Appellant also assigns as error the trial court's dismissal of his petition for failure to include a copy of the "legal process" upon which his restraint is based. *See* Tenn. Code Ann. 29-21-107(b)(2). We note no satisfactory reason for its absence. This failure operates as another valid reason for dismissal of appellant's petition without an evidentiary hearing. State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965).

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**JOSEPH M. TIPTON, JUDGE**


_____
**ALAN E. GLENN, JUDGE**