# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 27, 2000

## RICKEY A. MOORMAN v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 98-3012-III     Ellen Hobbs Lyle, Chancellor**

---

### No. M1999-02675-COA-R3-CV - Filed March 13, 2003

---

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding the calculation of his sentence credits and his release eligibility date. After unsuccessfully petitioning for a declaratory order, the prisoner filed a petition in the Chancery Court for Davidson County seeking a declaratory judgment regarding his entitlement to sentence credits as well as a determination that he was entitled to immediate release. The trial court granted the Department's Tenn. R. Civ. P. 12.02(6) motion to dismiss, and the prisoner has appealed. We affirm the trial court's conclusion that the prisoner's petition fails to state a claim upon which relief can be granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Rickey A. Moorman, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Rae Oliver, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

## OPINION

### I.

In the summer of 1977, Rickey Alan Moorman robbed a Memphis pharmacy by holding a knife to the throat of an employee. He was promptly caught, tried, convicted, and sentenced to twenty-five years in prison for armed robbery.[1] His violent criminal activities continued after he was incarcerated. In 1980, the Criminal Court for Lauderdale County sentenced him to five years for voluntary manslaughter. In 1982, the Criminal Court for Davidson County sentenced him to serve

---

[1]The Tennessee Court of Criminal Appeals affirmed his conviction. *Moorman v. State*, 577 S.W.2d 473 (Tenn. Crim. App. 1978).

one year for escaping from work release. Each of these sentences was ordered to run consecutively to his 25-year Shelby County sentence. Accordingly, by 1982, Mr. Moorman's total effective sentence for the three crimes was thirty-one years. Less than one year later, in March 1983, Mr. Moorman committed murder in Morgan County. He pleaded guilty to second degree murder, which was a Class X crime at the time. The Criminal Court for Morgan County sentenced him to serve thirty-five years to be served concurrently with his three previous sentences.

In May 1998, Mr. Moorman requested the Department of Correction to render a declaratory order under Tenn. Code Ann. § 4-5-224 (1998). He asserted that the Department was improperly administering his sentences and that he would be eligible for immediate release once his sentences were properly structured. The Department declined Mr. Moorman's request for a declaratory order and informed him that his sentences were properly configured and that he had not completed serving all his sentences.

In October 1998, Mr. Moorman filed a pro se petition in the Chancery Court for Davidson County seeking immediate release from custody. As best we can determine, he asserted (1) that the punishment for this second degree murder conviction should have been reduced following the 1989 revisions in Tennessee's sentencing laws,[2] (2) that the Department was depriving him of sentence credits to which he was entitled, and (3) that the Department had somehow improperly altered his 35-year sentence for second degree murder to make it run consecutively with his three other sentences.[3] The trial court thereafter granted the Department's Tenn. R. Civ. P. 12.02(6) motion to dismiss after concluding that Mr. Moorman's first two claims were insufficient as a matter of law and that his third claim failed to state a claim because he had failed to establish that his 35-year sentence for second degree murder had expired. Mr. Moorman has appealed.

## II.
### THE STANDARD OF REVIEW

The trial court resolved this case by granting the Department's Tenn. R. Civ. P. 12.02(6) motion to dismiss. This motion tests the legal sufficiency of the plaintiff's pleading. *Givens v. Mullikin*, 75 S.W.3d 383, 406 (Tenn. 2002); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). It requires the court to review the complaint alone, *Mitchell v. Campbell*, 88 S.W.3d 561, 564 (Tenn. Ct. App. 2002), and to look to the complaint's substance rather than its form. *Kaylor v. Bradley*, 912 S.W.2d 728, 731 (Tenn. Ct. App. 1995). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002) or when the complaint is totally lacking in clarity and specificity. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992).

---

[2] Act of May 24, 1989, ch. 591, 1989 Tenn. Pub. Acts 1169.

[3] He alleged that "the Tennessee Department of Corrections [has] changed the Concurrent sentence into a consecutive sentence and subsequently [the Department is] a law unto themselves not accountable to the Tennessee Legislature or to Criminal Court Rulings and Orders."

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Davis v. The Tennessean*, 83 S.W.3d 125, 127 (Tenn. Ct. App. 2001); *Pendleton v. Mills*, 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001). Accordingly, courts reviewing a complaint being tested by a Tenn. R. Civ. P. 12.02(6) motion must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997), and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts. ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE § 5-6(g), at 254 (1999). We must likewise review the trial court's legal conclusions regarding the adequacy of the complaint without a presumption of correctness. *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); *Stein v. Davidson Hotel* Co., 945 S.W.2d at 716.

## III.
### RESENTENCING FOR THE SECOND DEGREE MURDER CONVICTION

Mr. Moorman's first argument is that the savings statute in Tenn. Code Ann. § 39-1-105 (1982) (repealed 1989) entitles him to be resentenced for his second degree murder conviction because the 1989 amendments to Tennessee's sentencing laws reduced the punishment for second degree murder. He insists that the Equal Protection Clauses of U.S. Const. amend. XIV and Tenn. Const. arts. I, § 8 and XI, § 8 prevent the State from treating him differently than persons sentenced for the same crime following the 1989 amendments.[4]

The Tennessee Court of Criminal Appeals has already determined that the argument based on Tenn. Code Ann. § 39-1-105 lacks merit. *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875, 877 (Tenn. Crim. App. 1992). It has likewise rejected the equal protection argument. *State ex rel. Stewart v. McWherter*, 857 S.W.2d at 876-77. We have followed the lead of our colleagues on the Court of Criminal Appeals in an earlier case, *Burch v. Tennessee Dep't of Corr.*, 994 S.W.2d 137, 138-39 (Tenn. Ct. App. 1999), and we do so again here. We hold that the trial court, relying on *State ex rel. Stewart v. McWherter*, properly dismissed Mr. Moorman's claim that he was entitled to be resentenced in accordance with the 1989 sentencing amendments.

## IV.
### DENIAL OF MULTIPLE SENTENCE CREDITS

Mr. Moorman's second argument is that the Department has wrongfully denied him sentence credits that he was entitled to receive against his 35-year sentence for second degree murder. This claim is not based on a calculation error but on Mr. Moorman's notion that he is somehow entitled

---

[4]Mr. Moorman points out that following 1989, second degree murder is a Class A felony punishable by a maximum sentence of twenty-five years. It is far from clear, however, that Mr. Moorman's extensive criminal record would qualify him as a Range I offender. He could very well be classified as a Range II or Range III offender. If he came under Range II or Range III, the maximum sentence for second degree murder could be as much as sixty years, not merely twenty-five years. Tenn. Code Ann. §§ 40-35-106, -107, -112 (1997).

to earn sentence credits simultaneously under five different sentence credit regimes. Mr. Moorman is mistaken.

For the purpose of his 35-year sentence for second degree murder, Mr. Moorman, as a Class X prisoner, is entitled to prisoner performance credits under Tenn. Code Ann. § 41-21-230 (1982) (repealed 1985).[5] He insists that he is also entitled to earn "good behavior" sentence credits under Tenn. Code Ann. § 41-21-212 (1982) (repealed 1985),[6] "honor time" sentence credits under Tenn. Code Ann. § 41-21-214 (1982) (repealed 1985),[7] "incentive time" sentence credits under Tenn. Code Ann. § 41-21-228 (1982) (repealed 1985), and "good conduct" sentence credits under Tenn. Code Ann. § 41-21-229 (1982) (repealed 1985). We have already addressed this claim at length and found it to be without merit in *Mauldin v. Tennessee Dep't of Corr.*, No. 01A01-9801-CH-00014, 1999 WL 5084, at *3-5 (Tenn. Ct. App. Jan. 7, 1999), *perm. app. denied* (Tenn. June 21, 1999). Accordingly, we find that the trial court correctly determined that the allegations in Mr. Moorman's petition regarding his right to multiple sentence credits failed to state a claim upon which relief can be granted.

## V.
### THE DEPARTMENT'S CLASSIFICATION OF THE SECOND DEGREE MURDER SENTENCE

Mr. Moorman's final argument is that the Department is somehow requiring him to serve his 35-year sentence for second degree murder consecutively despite the fact that the judgment of conviction directed that it be served concurrently with his three earlier sentences. Mr. Moorman assumes that this must be the case because, in his estimation, he would have been released otherwise. Mr. Moorman's confusion about how his sentences work is not enough to create a triable claim.

Mr. Moorman is correct to a point. The sentences for his first three earlier convictions have expired.[8] However, there are three reasons why it does not necessarily follow that the expiration of these sentences means that his 35-year sentence for second degree murder has likewise expired. First, the second degree murder sentence was longer than the other three sentences combined. Second, Mr. Moorman began serving this sentence later than he began serving the other sentences. Third, his 35-year sentence for second degree murder is for a Class X felony which carries with it less of an opportunity to earn sentence reduction credits.

---

[5] The Department concedes in its brief that Mr. Moorman is entitled to earn prisoner performance sentence credits. The TOMIS reports attached to Mr. Moorman's petition indicated that he is receiving these credits and that his sentence expiration date is being adjusted accordingly.

[6] These credits were formerly codified at Tenn. Code Ann. § 41-322 (1975) (repealed 1985).

[7] These credits were formerly codified at Tenn. Code Ann. § 41-334 (1975) (repealed 1985).

[8] His 25-year sentence for armed robbery expired in 1990 with the help of sentence credits. His 1-year sentence for escape expired later in 1990 with the help of sentence credits. His 5-year sentence for voluntary manslaughter expired in July 1992, also with the help of sentence credits.

The TOMIS report attached to Mr. Moorman's petition shows that the Department, consistent with the judgment of the Criminal Court for Morgan County, started Mr. Moorman's second degree murder sentence running in March 1983. This sentence has run concurrently with Mr. Moorman's other three sentences ever since March 1983. While his other three sentences have expired, Mr. Moorman's 35-year sentence, with its full expiration date of 2018, has several more years to go. Therefore, the trial court properly determined that Mr. Moorman's conclusory allegations regarding the Department's treatment of his 35-year sentence for second degree murder failed to state a claim upon which relief can be granted.

**VI.**

We affirm the judgment and remand the case to the trial court for whatever further proceedings are required. We tax the costs of this appeal to Rickey A. Moorman. We also find that Mr. Moorman's petition for declaratory judgment and subsequent appeal are frivolous in accordance with Tenn. Code Ann. § 41-21-807(c) (Supp.2002) and Tenn. Code Ann. § 41-21-816(a)(1) (1997).

_____
WILLIAM C. KOCH, JR., JUDGE