IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## JERRY LEE COWAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Blount County**
**No. C-7085      D. Kelly Thomas, Jr., Judge**

_____

**No. E2003-00652-CCA-R3-PC**
**December 15, 2003**
_____

The petitioner, Jerry Lee Cowan, seeks appellate review of the Blount County Circuit Court's denial of his motion to reopen his 1992 post-conviction relief petition. Finding no merit in the appeal, we affirm the lower court's judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Jerry Lee Cowan, *Pro Se.*

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On May 2, 1991, in response to the petitioner's guilty plea, the Blount County Circuit Court entered a judgment convicting the petitioner of second degree murder and sentencing him to serve 35 years as a multiple offender in the Department of Correction. On October 16, 1992, the petitioner filed a petition for post-conviction relief. On April 12, 1993, the post-conviction court entered an order allowing the petitioner to withdraw his petition. On February 28, 2003, the petitioner moved to reopen his 1992 post-conviction petition.

The motion to reopen alleged that newly discovered evidence that the victim died as a result of medical malpractice would show that he is actually innocent of the homicide. The motion reveals that the petitioner shoved the victim, his three-year-old stepson. The child sustained injuries when he fell as a result of the petitioner's shove. The petitioner claimed that during the course of medical treatment for the child's injuries, the victim lapsed into a coma. The child ultimately died when his family terminated life support measures. Further, the petitioner alleged in his motion to reopen that his trial counsel was aware, and failed to disclose, that medical malpractice resulted in

the victim's death. Based upon this claim, he posited that his guilty plea was unknowing, involuntary, and the result of ineffective assistance of counsel. He also alleged that counsel failed to inform him that he would be denied parole upon attaining his release eligibility of 35 percent. Finally, he alleged that the first degree murder indictment by which he was charged was defective because it failed to allege the date of the offense.

On March 7, 2003, the post-conviction court found that the motion "fails to set forth any factual basis that supports reopening the petition pursuant to T.C.A. [section] 40-30-217." The court denied the motion to reopen.

On March 17, 2003, the petitioner filed a notice of appeal.

Tennessee Code Annotated section 40-30-117 provides:

(a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

(b) The motion must set out the factual basis underlying its claims and must be supported by affidavit. The factual information

set out in the affidavit shall be limited to information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the rules of evidence. The motion shall be denied unless the factual allegations, if true, meet the requirements of subsection (a). If the court grants the motion, the procedure, relief and appellate provisions of this part shall apply.

Tenn. Code Ann. § 40-30-117(a), (b) (2003).

Appellate review of the denial of a motion to reopen a petition for post-conviction relief is also governed by statute, rather than by the Rules of Appellate Procedure:

If the motion [to reopen] is denied, the petitioner shall have ten (10) days to file an *application* in the court of criminal appeals *seeking permission to appeal*. The application shall be *accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion*. The state shall have ten (10) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

Tenn. Code Ann. § 40-30-117(c) (2003) (emphasis added). "In order to obtain appellate review of the trial court's order, a petitioner must comply with the statutory requirements. The Rules of Appellate Procedure do not provide for an appeal as of right in these cases." *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC (Tenn. Crim. App., Jackson, Mar. 23, 2000) (order), *perm. app. denied* (Tenn. 2000); *see William Lee Drumbarger v. State*, No. M1999-01444-CCA-R3-PC, slip op. at 2 n.1 (Tenn. Crim. App., Nashville, Dec. 7, 1999) (Rules of Appellate Procedure not applicable to application for permission to appeal the denial of motion to reopen post-conviction proceeding).

The petitioner's notice of appeal, although filed within ten days of the entry of the order denying the motion to reopen, does not comply with the statutory requirement of an application for permission to appeal. For this reason alone, the appeal is subject to dismissal; however, as a dispensation to the petitioner, we have considered whether we should treat the notice of appeal and the petitioner's brief as a *de facto* application for permission to appeal. In so doing, we are compelled to agree with the post-conviction court that the claims contained in the motion to reopen do not fit within the permissive rubrics of Code section 40-30-117(a).

Although the petitioner claims that his homicide charge is baseless because the victim died as a result of medical malpractice, we fail to see how that claim, as alleged and as articulated in the petitioner's brief, qualifies as new scientific evidence that the petitioner is actually innocent.

Apparently, the current scientific knowledge about the victim's death was available at the time of death or shortly thereafter, and furthermore, the claim does not address the legal conundrum that the petitioner is liable for the victim's death despite the contribution of any unfortunate malpractice by medical personnel. *See Gray v. State*, 194 Tenn. 234, 244, 250 S.W.2d 86, 90-91 (1952) ("To warrant the escape of the person inflicting the injury from responsibility for the killing, the subsequent neglect or mismanagement must have been the sole cause of death."); *Odeneal v. State,* 128 Tenn. 60, 68, 157 S.W. 419, 421 (1913) ("One who unlawfully inflicts a dangerous wound upon another is held for the consequences flowing from such injury, whether the sequence be direct or through the operation of intermediate agencies dependent upon and arising out of the original cause. One of these dependent occurrences is the necessity of surgical aid, which may eventuate as the immediate cause of death."). Thus, the conclusory allegations of the motion to reopen fail to illustrate that the petitioner is actually innocent of the conviction offense.

The petitioner's claim that the indictment is infirm is not cognizable in the *de facto* application for permission to appeal. The indictment is not included in the motion or in the appellate record as a whole, and it is not before us for review. Furthermore, the claimed deficiencies of the indictment do not appear to fit within any of the permissive rubrics of Code section 40-30-117(a).

Finally, we have reviewed the transcript of the petitioner's May 1, 1991 plea submission hearing that was filed in the post-conviction court on January 25, 1993, and was included within the appellate record. The transcript reveals that the petitioner entered a best-interests plea of guilty to second degree murder as a means of avoiding a potential penalty for first degree murder. The trial court engaged the petitioner in a full review of his rights and options, and the transcript reflects that the petitioner actively waived his rights and assented to the plea and the stipulated penalty. Furthermore, the court thoroughly explained to the petitioner the meaning of release eligibility and that ultimately the release date would depend upon the administrative decision of the Department of Correction. The petitioner acknowledged his understanding of the statutory release eligibility scheme.

Accordingly, we discern no basis for granting permission to appeal. We note that, in his motion and brief, the petitioner acknowledges that he filed the 2003 motion to reopen after he was denied parole. We also note that although the petitioner withdrew his initial post-conviction petition on April 12, 1993, he had until May 2, 1994 to re-file a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-102 (1990) (amended 1995) (establishing a three-year statute of limitations). We remind the petitioner that the state has a valid and preeminent interest in the finality of criminal convictions. *State ex rel Stewart v. McWherter*, 857 S.W.2d 875, 877 (Tenn. Crim. App. 1992). For this reason, "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by [the post-conviction] chapter. . . ." Tenn. Code Ann. § 40-30-102(a) (2003).

Discerning no basis for granting an appeal in this cause, we deny the *de facto* application and dismiss the appeal.

-4-

_____
JAMES CURWOOD WITT, JR., JUDGE