IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2015

## CURTIS JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 89-00871      Chris Craft, Judge**

_____

**No. W2014-01779-CCA-R3-CO  -  Filed March 27, 2015**

_____

The Petitioner, Curtis Johnson, appeals the Shelby County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  On appeal, the Petitioner alleges that he was illegally sentenced under the repealed Tennessee Criminal Sentencing Reform Act of 1982 rather than the Tennessee Criminal Sentencing Reform Act of 1989.  Upon review, we affirm the judgment of the criminal court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Curtis Johnson, Only, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In 1988, the Petitioner was indicted on four separate counts of first degree murder for the stabbing deaths of his wife, son, stepson, and stepdaughter.  On March 22, 1989, the Petitioner pleaded guilty to all four counts and agreed to the imposition of two consecutive life sentences served concurrently to the two remaining life sentences.  The Petitioner subsequently filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel, which was denied by the post-conviction court.  See Curtis Sylvester Johnson v. State, No. 02C01-9304-CR-00054, 1995 WL 256197, at *1 (Tenn. Crim. App. May 3, 1995), perm. app. denied (Tenn. Oct. 2, 1995).  This court

affirmed the post-conviction court's denial of relief on appeal, and the Tennessee Supreme Court denied the Petitioner's application to appeal. Id.

On May 22, 2014, the Petitioner filed a "Motion for Order Correcting Error in Judgment" pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the Petitioner asserted that the trial court illegally sentenced him under the repealed Tennessee Criminal Sentencing Reform Act of 1982 ("1982 Act") rather than the Tennessee Criminal Sentencing Reform Act of 1989 ("1989 Act"). On July 7, 2014, the trial court entered an order summarily denying the motion. The order stated, in relevant part,

> The [P]etitioner's offenses were committed on November 7, 1988, and he entered guilty pleas on March 22, 1989, prior to the effective date of the 1989 [S]entencing [A]ct, and while the 1982 Sentencing Act was still in effect. Therefore[,] the 1989 Act did not apply to his offenses or his sentence. If this court were to treat the . . . motion as a petition to reopen his petition for post-conviction relief, the petition to reopen would be denied as the grounds were either waived as not having been raised in the prior petition or as not being one of the grounds listed in [Tennessee Code Annotated section] 40-30-117(a)(1) for which a petition to reopen can be heard.

On July 16, 2014, the Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence. He acknowledges that he entered his guilty plea prior to the effective date of the 1989 Act but asserts that because he committed his crimes between "the years 1982 and 1989," he was entitled to "retroactive application" of the 1989 Act. The State responds that the trial court properly dismissed the motion without a hearing or appointment of counsel because the Petitioner failed to state a colorable claim for relief. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at

*6) (Tenn. Crim. App. Mar. 7, 2014)).  This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'"  State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)).

Considering all of the Petitioner's assertions as true and viewing them in the light most favorable to him, we conclude that he has not presented a colorable claim for relief. The record clearly establishes that the Petitioner committed the offenses in November 1988 and pleaded guilty on March 22, 1989, prior to the effective date of the 1989 Act. Tennessee Code Annotated section 40-35-117(b) provides that "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982, and November 1, 1989, shall be sentenced under the provisions of this chapter." (emphasis added).  Thus, the Act "applies only to those offenders who are sentenced after its effective date."  State ex rel. Stewart v. McWherter, 857 S.W.2d 875, 876 (Tenn. Crim. App. 1992) (citing T.C.A. § 40-35-117).  It does "'not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before its effective date.'"  Id. (quoting 1989 Tenn. Pub. Acts, ch. 591, § 115).  In other words, because the Petitioner was convicted and sentenced prior to the effective date of the 1989 Act, it is inapplicable to his offenses or his sentences.  Thus, we agree with the trial court that the Petitioner has failed to state a colorable claim for relief.

## CONCLUSION

The trial court committed no error in summarily denying the Petitioner's motion because he failed to state a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1.  Accordingly, we affirm the judgment of the criminal court.


_____
CAMILLE R. MCMULLEN, JUDGE